The People of the State of New York, Respondent, v Frank Barnes, Appellant. [814 NYS2d 162]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 14, 2003, convicting defendant, after a jury trial, of murder in the second degree (two counts), and sentencing him to concurrent terms of 25 years to life, and order, same court (John Cataldo, J.), entered on or about June 20, 2005, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). Defendant was connected to the crime by two independent witnesses.

There was no violation of *Brady v Maryland* (373 US 83 [1963]) with regard to a knife that was recovered in a window box of the building where the victim was fatally stabbed, since the knife had no exculpatory value. The knife was recovered three weeks after the murder and the People sufficiently established that the knife was not present when the building was searched immediately after the crime. Furthermore, the forensic and medical evidence showed that the subsequently recovered knife could not have been the murder weapon. In any event, even if the information about the knife had been disclosed, there was no reasonable possibility that it would have affected the verdict (*People v Vilardi*, 76 NY2d 67, 77 [1990]).

The court properly denied, without a hearing, defendant's motion to vacate his judgment of conviction on the ground of ineffective assistance of counsel. The record supports the motion court's detailed findings, and establishes that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel made reasonable strategic decisions not to impeach the two main prosecution witnesses with insignificant or potentially

explainable prior inconsistent statements. Were we to find that counsel should have used this impeachment material, we would nevertheless find that counsel's failure to do so did not affect either the fairness or the outcome of the trial (*see People v Hobot,* 84 NY2d 1021, 1024 [1995]). Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Malone, JJ.