■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICKI A. ADAMEK, Appellant. [892 NYS2d 628]—

Cardona, P.J.

Defendant was charged with conspiracy in the second degree and criminal solicitation in the second degree after she met with an undercover investigator and allegedly attempted to arrange the murder of her husband's girlfriend. Following a jury trial, defendant was convicted of both charges and sentenced to concurrent prison terms of 1 to 3 years.

On appeal, defendant raises numerous challenges relating to the admission of evidence as well as County Court's charge to the jury. Since no objections were made during the trial with re-

spect to those issues, they are not properly preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Similarly, the general objection at trial that the People did not present a prima facie case was insufficient to preserve for our review her challenge that the convictions are not supported by legally sufficient evidence (*see id.* at 19; *People v Hawkins*, 45 AD3d 989, 991 [2007], *lv denied* 9 NY3d 1034 [2008]), and our review of the record discloses no reason to exercise our interest of justice jurisdiction to reverse on that basis (*see People v Mann*, 63 AD3d 1372, 1373 [2009]). To the extent that defendant's argument can be construed as challenging the weight of the evidence, we find it to be without merit. The video and audiotaped evidence of defendant's meeting with the undercover investigator established that she told the investigator she wanted her husband's girlfriend "dead." After discussing what she could afford, defendant paid the investigator $50 and supplied him with the girlfriend's name, phone number, address, place of work and work schedule. Viewing the evidence in a neutral light and deferring to the jury's credibility determinations, the verdict was amply supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Booker*, 53 AD3d 697, 703-704 [2008], *lv denied* 11 NY3d 853 [2008]).

Finally, even if it were preserved for our review (*see People v Jackson*, 52 AD3d 1052, 1054 [2008], *lv denied* 11 NY3d 789 [2008]), the record discloses no merit to defendant's claim that County Court erred in the procedures used in responding to the jury's inquiries during deliberation.

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).