■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PHELAN, Appellant. [918 NYS2d 608]—

Peters, J.P.

As a result of defendant's interactions and communications with the victim between April and June 2008, a temporary order of protection was issued on July 1, 2008 directing that defendant stay away from and avoid any contact with the victim. Later that day, the victim received two e-mails allegedly sent by defendant—one stating, "You are dead [b]\*\*ch!! $10,000 reward for your death," and the other stating, among other things, "We will kill you." The victim also discovered that defendant had posted on "Craigslist," a public Internet Web site, her name, address, license plate number, place of employment, and make and model of her car, and he identified her as an illegal immigrant living in the City of Albany who was using a stolen Social Security number and date of birth.

Subsequently, in response to defendant's report that the victim was an illegal immigrant, a State Police investigator conducted a background check of the victim and learned that she was a legal resident of the United States. He also learned of the order of protection against defendant in favor of the victim. After speaking with the victim and obtaining a supporting deposition, the investigator obtained a search warrant for defendant's residence. Upon execution of the warrant, the police discovered, among other things, a file entitled "Secret I Spy Covert File" under defendant's mattress that contained information about the victim, as well as a rolodex with the e-mail address and password to the e-mail account from which the two threatening e-mails were sent to the victim.

Defendant was thereafter arrested and indicted on two counts of criminal contempt in the first degree, aggravated harassment in the second degree and stalking in the third degree. Following a jury trial, he was convicted as charged and sentenced to an aggregate prison term of 2 to 4 years. County Court denied defendant's subsequent CPL 440.10 motion without a hearing. He appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.

We are unpersuaded by defendant's challenge to the verdict as contrary to the weight of the evidence.* With respect to the criminal contempt counts, defendant argues that there is no evidence that he sent the two threatening e-mails or was served with or aware of the conditions of the order of protection. We disagree. Evidence was presented that defendant was present in court on July 1, 2008 when the order of protection was issued and his signature appears on the order indicating that he had been served with it and advised of its contents. Furthermore, although the police were unable to locate the threatening e-mails upon a search of defendant's computer, defendant's possession of the rolodex containing the e-mail address and password for the account from which the e-mails were sent was sufficient to establish that they originated from him.

As to the charges of aggravated harassment and stalking, the victim testified that, prior to the issuance of the order of protection, she learned that defendant came to her workplace looking for her. Although she became frightened and informed defendant never to contact her again, defendant went to her church four days later. The victim explained that she hid in a back room of the church in fear after seeing defendant, who was thereafter asked by members of the church not to return. According to the victim, defendant returned to her church two weeks later and confronted her in the parking lot, at which time he yelled at her, made a fist and told her to "go back to your own country." The victim returned to her car after she attended church to find that it had been scratched from front to back. She testified further that defendant thereafter sent her an e-mail threatening that, unless she sincerely apologized to him, he would seek to have her deported as an illegal immigrant. Contrary to defendant's contention, the testimony of the People's witnesses was neither inconsistent nor unworthy of belief, and we find no reason in the record to disturb the jury's determination, which credited the victim's uncontradicted account of the events that transpired (*see People v Soler*, 52 AD3d 938, 940 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Mc-*

---

* To the extent that defendant also claims that his convictions are not supported by legally sufficient evidence, his general motion to dismiss at trial failed to preserve this issue for appellate review (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Adamek*, 69 AD3d 979, 980 [2010], *lv denied* 14 NY3d 797 [2010]; *People v Mann*, 63 AD3d 1372, 1373 [2009], *lv denied* 13 NY3d 861 [2009]). We note that as part of our weight of the evidence review, we evaluate all the evidence presented as to each element of the crimes charged (*see People v Paige*, 77 AD3d 1193, 1195 [2010], *lv granted* 15 NY3d 925 [2010]; *People v Brisson*, 68 AD3d 1544, 1546 [2009], *lv denied* 14 NY3d 798 [2010]).

*Cowan,* 45 AD3d 888, 889-890 [2007], *lv denied* 9 NY3d 1007 [2007]; *People v Gorham,* 17 AD3d 858, 860 [2005]). Evaluating the evidence in a neutral light and according deference to the jury's credibility assessments, we find that the verdict on each count is supported by the weight of the credible evidence (*see People v Clark,* 65 AD3d 755, 759 [2009], *lv denied* 13 NY3d 906 [2009]; *People v McCowan,* 45 AD3d at 889-890).

Nor do we discern any error in County Court's *Sandoval* ruling. "The determination as to which prior convictions . . . can be inquired about and the extent of such inquiry rests primarily within the discretion of the trial court" (*People v Caston,* 60 AD3d 1147, 1148 [2009] [internal quotation marks and citations omitted]; *accord People v Wilson,* 78 AD3d 1213, 1215 [2010]). After careful consideration, County Court limited the People's inquiry regarding defendant's attempted assault conviction to whether he was convicted of a felony, and permitted the People to cross-examine defendant about his convictions for assault with a deadly weapon and forgery. We agree with County Court's determination that these convictions reflected defendant's willingness to place his own interests ahead of those of society and were relevant to his veracity and credibility (*see People v Mitchell,* 57 AD3d 1308, 1311 [2008]; *People v Quiller,* 298 AD2d 712, 713 [2002], *lv denied* 99 NY2d 618 [2003]; *People v Williams,* 256 AD2d 661, 662 [1998], *lv denied* 93 NY2d 981 [1999]). Thus, we conclude that County Court "appropriately exercised its discretion in balancing the probative value of this evidence against the risk of unfair prejudice to defendant" (*People v Evans,* 17 AD3d 861, 863 [2005], *lv denied* 5 NY3d 828 [2005]; *see People v Mitchell,* 57 AD3d at 1311; *People v Foster,* 52 AD3d 957, 960-961 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Hogencamp,* 295 AD2d 643, 644 [2002], *lv denied* 98 NY2d 697 [2002]).

Similarly unpersuasive is defendant's claim that he was deprived of the effective assistance of counsel. Although defendant deems counsel ineffective for withdrawing his suppression motions, our review of the evidence adduced at the *Huntley* and *Wade* hearing fails to reveal any likelihood of success of a challenge to the admissibility of his statements to police or the evidence seized from his residence pursuant to the search warrant (*see People v Van Guilder,* 282 AD2d 773, 774 [2001], *lv denied* 96 NY2d 836 [2001]; *see also People v Baez,* 52 AD3d 840 [2008], *lv denied* 11 NY3d 785 [2008]). Furthermore, as the record reveals no colorable factual or legal basis for suppression as the product of an unlawful arrest, counsel was not remiss in failing to advance this argument (*see generally People v Barfield,* 21

AD3d 1396, 1396 [2005], *lv denied* 5 NY3d 881 [2005]; *People v Lee*, 205 AD2d 708, 709 [1994], *lv denied* 84 NY2d 828 [1994]). Rather, counsel made appropriate pretrial motions, engaged in meaningful cross-examination of the People's witnesses, made several appropriate objections and presented a consistent, viable defense throughout the trial. Under the totality of the circumstances, defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

Finally, considering defendant's criminal history, his disregard of the order of protection and his disturbing pattern of conduct towards the victim, we find no extraordinary circumstances or abuse of discretion by County Court warranting modification of his sentence (*see People v Clark*, 65 AD3d at 759; *People v Soler*, 52 AD3d at 941; *People v White*, 23 AD3d 764, 765 [2005]). Defendant's remaining contentions have been reviewed and found to be without merit.

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed.

