■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO LEONARD, Appellant. [921 NYS2d 337]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered April 9, 2009 in Ulster County, upon a verdict convicting defendant of the crimes of kidnapping in the second degree, criminal possession of a weapon in the third degree (two counts), endangering the welfare of a child and burglary in the second degree.

Defendant and the victim (hereinafter the mother) are an estranged couple who are the parents of a daughter (born in 2007). In February 2008, shortly after the child was born, defendant appeared uninvited at the mother's home for the purported purpose of visiting with the child. After the mother admitted defendant into her home, an argument ensued during which defendant is alleged to have struck the mother, threatened her with a large knife and inflicted superficial wounds and scratches on her nose and neck. After the mother fled, the police were called and, upon their arrival, found defendant outside the residence holding the child with a knife near her throat. Defendant retreated with the child back into the residence and held the police at bay for one hour while brandishing the knife

and threatening to kill the child. Finally, defendant agreed to surrender, and the child was returned unharmed to the mother.

Defendant was subsequently charged by indictment with kidnapping in the second degree, criminal possession of a weapon in the third degree (two counts), assault in the second degree, endangering the welfare of a child and burglary in the second degree (two counts). At trial, immediately prior to submitting the case to the jury for its deliberations, Supreme Court dismissed those charges in the indictment that required the People to prove that the mother had sustained a "physical injury" when she claimed to have been attacked by defendant (*see* Penal Law § 140.25 [1] [b]; § 120.05 [2]).[1] Defendant was subsequently convicted of the remaining charges submitted to the jury and sentenced to an aggregate prison term of 25 years, plus five years of postrelease supervision. Defendant now appeals.

Defendant initially contends that his convictions for kidnapping in the second degree, endangering the welfare of a child and burglary in the second degree were not supported by legally sufficient evidence and were against the weight of the credible evidence introduced at trial. As for the kidnapping charge, the People were required to prove that defendant abducted the child or restrained her with intent to prevent her liberation by threatening to use deadly physical force (*see* Penal Law §§ 135.00, 135.20; *People v Kruppenbacher*, 81 AD3d 1169, 1172 [2011]). Defendant denies imposing any restraint on the child and claims that, throughout this incident, he only held onto her because of her age. He also argues that he did not abduct the child because he did not take her from her home or any place where it was unlikely that she would be found. However, competent evidence that provided a legally sufficient basis for kidnapping was admitted at trial establishing that defendant, after gaining admission to the house, took the child and, while brandishing a knife, refused the mother's repeated requests that he return the child to her. When the mother fled, defendant continued to hold the child and refused to return her to the mother, despite being directed to do so by the police. In addition, defendant threatened to use the knife on the child if the police sought to forcibly intervene.

As for defendant's conviction for burglary in the second degree, the People were required to present evidence establishing that, after defendant was admitted into the mother's home, he remained there unlawfully with the intent to commit a crime

---

1. The counts in question charge defendant with one count each of assault in the second degree and burglary in the second degree.

and used or threatened to use a dangerous instrument (*see* Penal Law § 140.25 [1] [c]). Here, the mother's testimony, admissions attributed to defendant and observations by other witnesses who testified at trial established that, while defendant may have been initially permitted by the mother to enter her home, he refused to leave and, while there, threatened both the mother and the child with a large knife (*see* Penal Law § 140.25 [1] [c]; *People v Hall*, 57 AD3d 1222, 1225 [2008], *lv denied* 12 NY3d 817 [2009]; *compare People v Green*, 24 AD3d 16, 18 [2005]).

We do not agree with defendant that his conviction for endangering the welfare of a child was dependent on proof being admitted that the child was actually injured during this confrontation. Defendant's actions, as detailed by the testimony of eyewitnesses and, in particular, the description of him holding a large knife against the child while being ordered by the police at gunpoint to release her, constituted competent evidence that he, at the time, "knowingly act[ed] in a manner *likely* to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1] [emphasis added]; *see People v Nesbitt*, 69 AD3d 1109, 1112 [2010], *lv denied* 14 NY3d 843 [2010]; *People v Kuykendall*, 43 AD3d 493, 495-496 [2007], *lv denied* 9 NY3d 1007 [2007]). Moreover, as to each of these charges—kidnapping in the second degree, burglary in the second degree and endangering the welfare of a child—the evidence submitted in support of each, when viewed " 'in a neutral light and weighing the probative force of the conflicting testimony and the relative strength of any conflicting inferences which may be drawn, as well as giving due deference to the jury's credibility assessments,' " established that the verdict was not against the weight of the credible evidence (*People v Dolan*, 51 AD3d 1337, 1338 [2008], *lv denied* 12 NY3d 757 [2009], quoting *People v Pomales*, 49 AD3d 962, 963 [2008], *lv denied* 10 NY3d 938 [2008]).[2]

Defendant also claims that County Court (Bruhn, J.) committed reversible error when it summarily denied, without a hearing, the omnibus motion he filed prior to trial. In this motion, defendant sought, among other things, dismissal of the indictment, suppression of certain evidence, all *Brady* material in the People's possession, a bill of particulars providing more specifics regarding the crimes charged in the indictment, and an order requiring that the hearings be held at least 20 days prior to the commencement of trial. When this motion was made, County

---

**2.** Defendant's argument that the charge of kidnapping in the second degree merged with his conviction of burglary in the second degree was not preserved for our review (*see People v Kruppenbacher*, 81 AD3d at 1170).

Court had adopted a policy requiring that the parties make a good faith effort to arrive at a stipulation that would avoid the need for any pretrial motions. When defendant apparently refused to enter into such a stipulation and instead filed this omnibus motion, the court summarily denied it. We agree with defendant that the court should not have substituted its procedure for that set forth in the Criminal Procedure Law for the processing of such motions and was required to address the applications contained in defendant's omnibus motion on the merits (*see* CPL 255.20 [1]; 710.60 [3], [4], [6]). However, even though the court did summarily deny defendant's motion, pretrial hearings were, in fact, held on defendant's motion to preclude the admission of certain evidence at trial, including statements that the police claim he made at the time of his arrest. Also, defendant was provided with a bill of particulars prior to trial, and the District Attorney specifically responded to his request for *Brady* material. As a result, County Court's decision to summarily deny this motion without a hearing was, under the circumstances, harmless error (*see generally People v Crimmins*, 36 NY2d 230 [1975]).

Defendant also claims that County Court erred by not performing an inspection of the grand jury minutes prior to trial to determine whether the charges contained in the indictment were supported by legally sufficient evidence (*see* CPL 210.20 [1] [b]; 210.30). He also argues that, if it had conducted such an inspection, those charges alleging that he had injured the mother during this confrontation would have been dismissed prior to trial, and evidence to that effect would not have been heard by the jury. Initially, we note that, since we have already concluded that the crimes for which defendant stands convicted are supported by legally sufficient evidence, "defendant's challenge to the legal sufficiency of the evidence before the grand jury is precluded" (*People v Dowling*, 75 AD3d 838, 840 [2010], *lv denied* 15 NY3d 952 [2010]). As for his claim that such an inspection would have resulted in a bar to the introduction of any evidence claiming that he had injured the mother during this confrontation, the mother's description of how defendant attacked her after he was admitted into the house and his use of the knife was obviously relevant to the kidnapping and burglary charges that were submitted to the jury for its consideration (*see People v Lott*, 55 AD3d 1274, 1275 [2008], *lv denied* 11 NY3d 898 [2008]; *see generally People v Alvino*, 71 NY2d 233, 242-243 [1987]; *People v Tinning*, 142 AD2d 402, 406 [1988], *lv denied* 73 NY2d 1022 [1989]).

Defendant also contends that he was denied a fair trial when

the People were allowed to introduce evidence of prior incidents involving domestic abuse between him and the mother. However, this evidence served to provide necessary background as to the mother's relationship with defendant as it existed at the time of the incident and was obviously relevant as to defendant's state of mind when he was holding the child and threatening her and the mother with a knife (*see People v Lindsey*, 75 AD3d 906, 908 [2010], *lv denied* 15 NY3d 922 [2010]; *People v Thibeault*, 73 AD3d 1237, 1241 [2010], *lv denied* 15 NY3d 810 [2010]; *People v Meseck*, 52 AD3d 948, 950 [2008]; *People v Westerling*, 48 AD3d 965, 967-968 [2008]; *People v Poquee*, 9 AD3d 781, 782 [2004], *lv denied* 3 NY3d 741 [2004]). Any prejudice that might otherwise have resulted from the admission of such evidence was minimized by the instructions repeatedly given by Supreme Court to the jury as to the limited purpose for which this evidence was received and, in particular, by the statement made by the court in its final charge given to the jury immediately prior to its deliberations (*see People v Doyle*, 48 AD3d 961, 964 [2008], *lv denied* 10 NY3d 862 [2008]; *compare People v Westerling*, 48 AD3d at 968).

Defendant also claims that the District Attorney was guilty of misconduct throughout the trial and, in particular, in statements made during his summation. Timely objections to many of these statements were not made at trial and, thus, to a large extent, this issue has not been preserved for our review (*see* CPL 470.05; *People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Clairmont*, 75 AD3d 920, 923-924 [2010], *lv denied* 15 NY3d 919 [2010]). Where objections were made—and sustained by Supreme Court—defendant argues that the statements were so egregious that, despite the court's rulings, he was effectively deprived of a fair trial. However, any prejudice that might have resulted was ameliorated by the court's prompt and appropriate instructions to the jury (*see People v White*, 79 AD3d 1460, 1464-1465 [2010]; *People v Joseph*, 68 AD3d 1534, 1537 [2009], *lv denied* 14 NY3d 889 [2010], *cert denied* 562 US —, 131 S Ct 797 [2010]; *People v Mitchell*, 55 AD3d 1048, 1051-1052 [2008], *lv denied* 12 NY3d 856 [2009]). In addition, many of the statements in question represented fair comment on the evidence introduced at trial or constituted appropriate responses to arguments made by defendant's counsel in his summation (*see People v Molina*, 79 AD3d 1371, 1377 [2010]; *People v Shutter*, 72 AD3d 1211, 1214 [2010], *lv denied* 14 NY3d 892 [2010]).

Defendant also argues that Supreme Court committed reversible error by not submitting certain lesser included offenses to

the jury for its consideration during deliberations. In particular, he argues that unlawful imprisonment should have been submitted to the jury as an alternative to kidnapping in the second degree and criminal trespass as a lesser included offense to burglary in the second degree. Neither, in our view, represents a reasonable view of the evidence presented at trial and, as such, were not lesser included offenses to have been considered by the jury during its deliberations (*see* Penal Law §§ 135.05, 135.20, 140.15, 140.25; *People v Sturdevant*, 74 AD3d 1491, 1493 [2010], *lv denied* 15 NY3d 810 [2010]; *People v Gardner*, 28 AD3d 1221, 1222 [2006], *lv denied* 7 NY3d 812 [2006]).

Defendant's remaining claims have been considered and found to be without merit.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.

