(June 30, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUNCAN TERRY, Appellant. [926 NYS2d 216]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 30, 2009 in Albany County, upon a verdict convicting defendant of the crime of rape in the first degree.

On January 29, 2008, defendant and the victim were engaging in consensual sexual intercourse when, according to the victim, defendant became physically and verbally aggressive and refused her requests to stop. Defendant was thereafter indicted for rape in the first degree and rape in the third degree. Following a jury trial, he was convicted of rape in the first degree and sentenced, as a second felony offender, to 21 years in prison with five years of postrelease supervision. He now appeals.

We are unpersuaded by defendant's contention that County Court erred in determining that he was competent to stand trial. Two mental health professionals who examined defendant concluded that, notwithstanding his long history of mental illness, defendant understood the judicial process, the charges against him and the people involved in the case, and that he was capable of assisting in his own defense (*see* CPL 730.10 [1]). Based upon this evidence, we discern no abuse of discretion by Supreme Court in finding defendant fit to stand trial (*see People v Dewey*, 18 AD3d 894, 895 [2005]; *People v Ciborowski*, 302 AD2d 620, 621-622 [2003], *lv denied* 100 NY2d 579 [2003]; *People v Campbell*, 279 AD2d 797, 798 [2001], *lv denied* 96 NY2d 826 [2001]).

Defendant next maintains that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. His general objection at trial that the People did not present a prima facie case was insufficient to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Phelan*, 82 AD3d 1279, 1281 n [2011]; *People v Adamek*, 69 AD3d 979, 980 [2010], *lv denied* 14 NY3d 797 [2010]). With respect to his challenge to the weight of the evidence, inasmuch as a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Shepherd*, 83 AD3d 1298, 1298 [2011]).

As relevant here, a defendant is guilty of the crime of rape in the first degree "when he or she engages in sexual intercourse with another person . . . [b]y forcible compulsion" (Penal Law § 130.35 [1]). At trial, the victim testified that she invited defendant, who she had previously met at a Narcotics Anonymous meeting, to her home on January 29, 2008 after he called her and told her that he was near her house and had a desire to use drugs. After he arrived, they started kissing and moved into the victim's bedroom where they began having consensual sexual

intercourse. The victim stated that, after approximately one or two minutes, defendant began pulling her hair, choking her, hitting her, calling her vulgar names, spitting on her and biting her. She testified that, although she struggled and repeatedly asked defendant to stop, he told her to shut up. The victim stated that she ultimately stopped struggling, explaining that she felt "he might kill [her]" if she kept resisting.

Defendant, on the other hand, testified that he and the victim had consensual sexual intercourse at her apartment on two separate occasions after being introduced at a Narcotics Anonymous meeting. He conceded biting, striking and spitting on the victim during sex, but testified that he only did so at her specific request. However, defendant also admitted having problems with impulse control and difficulty recalling the particulars of the events in question.[1] Faced with these differing version of events, the jury chose to credit the testimony of the victim and we find no basis to disturb its determination (*see People v Shepherd*, 83 AD3d at 1299; *People v Sensourichanh*, 290 AD2d 886, 887-888 [2002]). Evaluating the evidence in a neutral light and deferring to the jury's superior position to determine witness credibility, we find that the verdict was not contrary to the weight of the evidence (*see People v Elwood*, 80 AD3d 988, 989-990 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Gregory*, 78 AD3d 1246, 1248 [2010], *lv denied* 16 NY3d 831 [2011]).

Defendant also claims that certain remarks by the prosecutor during cross-examination and on summation served to deprive him of a fair trial.[2] However, by failing to register an objection to any of the statements he now challenges, defendant has failed to preserve this issue for our review (*see People v Leonard*, 83 AD3d 1113, 1117 [2011]; *People v Clairmont*, 75 AD3d 920, 923-924 [2010], *lv denied* 15 NY3d 919 [2010]). In any event, while the prosecutor made a remark that may have appeared to shift the burden of proof to defendant, Supreme Court promptly issued curative instructions to the jury that defendant bore no burden of proof, thereby ameliorating any prejudice flowing from the statement (*see People v Peterson*, 71 AD3d 1419, 1420 [2010], *lv denied* 14 NY3d 891 [2010]; *People v Jordan*, 34 AD3d 927, 930-931 [2006], *lv denied* 8 NY3d 881 [2007]; *People v Warren*, 27 AD3d 496, 498 [2006], *lv denied* 7 NY3d 796 [2006]). The few other challenged remarks by the prosecutor, while

---

1. He also admitted making approximately 250 harassing telephone calls to the victim in the three days following the incident.

2. Although defendant also challenges alleged improprieties by the prosecutor during voir dire, this issue is unpreserved and, in any event, without merit (*see People v Kossman*, 46 AD3d 1104, 1107 [2007]).

improper, were isolated and do not reflect a "flagrant and pervasive pattern of misconduct" such that reversal is warranted (*People v Hunt*, 39 AD3d 961, 964 [2007], *lv denied* 9 NY3d 845 [2007] [internal quotation marks omitted]; *see People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Kirker*, 21 AD3d 588, 589 [2005], *lv denied* 5 NY3d 853 [2005]).

Nor are we persuaded that defendant was denied the effective assistance of counsel. Defendant claims that defense counsel was deficient in not having cross-examined the victim about a prior inconsistent statement. To be sure, defense counsel did not confront the victim with the record from her February 4, 2008 emergency room visit listing a prior consensual sexual encounter with defendant on January 26, 2008, despite the fact that the victim testified on direct examination that the January 29, 2008 incident was the only time she had sexual intercourse with defendant. However, the emergency room records were admitted into evidence and, during his summation, defense counsel highlighted this exact passage to the jury and urged it to take the report into account when assessing the victim's credibility. Thus, the manner in which counsel addressed the victim's prior inconsistent statement appears to have been a tactical decision (*see People v Barnes*, 29 AD3d 390, 390-391 [2006], *lv denied* 7 NY3d 785 [2006]; *People v Alicea*, 229 AD2d 80, 88-89 [1997], *lv denied* 90 NY2d 890 [1997]; *see generally People v Ryan*, 90 NY2d 822, 823-824 [1997]; *compare People v Cantave*, 83 AD3d 857, 858-859 [2011]). Likewise, defendant has failed to demonstrate that his counsel lacked a legitimate reason for not pursuing an insanity defense (*see People v Kulakov*, 72 AD3d 1271, 1274 [2010], *lv denied* 15 NY3d 775 [2010]; *People v Wheeler*, 249 AD2d 774, 775 [1998]). We are similarly unpersuaded that counsel was remiss for failing to challenge the testimony of the victim's family attorney as improper bolstering, as this witness's testimony was relevant to the investigative process and provided background information to explain why the victim had not reported the incident to the authorities immediately after it occurred (*see People v Manning*, 81 AD3d 1181, 1183 [2011]).[3] Notably, counsel pursued a plausible defense strategy, gave effective opening and closing statements and successfully opposed the prosecutor's request to

---

**3.** Although defendant also characterizes the unobjected to background evidence contained in the testimony of the police officer who took the initial rape complaint from the victim as improper bolstering, we are not persuaded (*see e.g. People v Nieves*, 294 AD2d 152, 152-153 [2002], *lv denied* 98 NY2d 700 [2002]).

use certain damaging information from defendant's criminal record as impeachment evidence during the prosecutor's cross-examination of him. Viewing the totality of the circumstances, we find that defendant was afforded meaningful representation (*see People v Phelan*, 82 AD3d at 1283).

Finally, we are unpersuaded by defendant's claim that his sentence is harsh and excessive. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005] [internal quotation marks and citation omitted]; *see People v Robinson*, 72 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 809 [2010]). Considering defendant's extensive criminal history, which includes several sexual abuse convictions, and finding no extraordinary circumstances or abuse of discretion in the imposition of the sentence, we conclude that modification of the sentence is not warranted (*see People v Manley*, 70 AD3d 1125, 1125 [2010]).

The remaining arguments raised by defendant have been examined and found to be lacking in merit.

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.