Stein, J.
Appeal from judgment of the Supreme Court (Lament, J.), rendered September 10, 2010 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree, endangering the welfare of a child, criminal mischief in the fourth degree and attempted assault in the third degree.
Defendant, an acquaintance of the victim, banged on the door to the victim’s apartment late one evening, identified himself, told the victim that he wanted to speak with her “about something that happened previously” and demanded that she let him enter her apartment. The victim refused and told defendant to leave,[1] but defendant remained and, after continuing to argue through the closed door, defendant kicked in the door (breaking two locks and damaging the door frame) and entered the apartment where the victim and her infant daughter were lying down in the living room. Defendant thereafter threatened the victim, punched her in the back of the head and held her in a brief choke hold. Defendant released his hold on the victim after she threw her child’s milk at him and yelled to two other *1445 individuals, who were present in the apartment, to get her telephone. Defendant was subsequently arrested and indicted for various crimes in connection with this incident. After a jury trial, he was found guilty of, among other things, burglary in the second degree and attempted assault in the third degree (see Penal Law §§ 110.00, 120.00 [1]; § 140.25 [2]). Defendant now appeals.
Defendant first argues that his burglary and attempted assault convictions were against the weight of the evidence because the proof did not demonstrate that he intended to cause physical injury to the victim or to any other lawful resident.[2] We are unpersuaded. We agree that, with respect to the charge of burglary in the second degree, there is a reasonable view of the evidence that would support a finding that, when defendant entered the victim’s residence, he did not have the requisite intent to commit a crime therein (see People v Bleakley, 69 NY2d 490, 495 [1987]). However, when we view the evidence in a neutral light and give appropriate deference to the jury’s credibility determinations (see People v Romero, 7 NY3d 633, 643 [2006]; People v Ford, 90 AD3d 1299, 1301 [2011]), we are satisfied that the jury could also justifiably “infer[ ] from . . . defendant’s actions and [the] surrounding circumstances” (People v Ford, 90 AD3d at 1300; see People v Rodriguez, 17 NY3d 486, 489 [2011]; People v McCottery, 90 AD3d 1323, 1324 [2011])— including his reason for going to the victim’s residence, his violent entry into the apartment and his act of striking the victim and placing her in a choke hold — that defendant had the requisite intent to cause injury to the victim.
Moreover, we note that the fact that the victim was not actually injured[3] does not preclude a conviction of attempted assault (see People v Nash, 288 AD2d 937 [2001], lv denied 97 NY2d 686 [2001]; Matter of Kristie II., 252 AD2d 807, 808 [1998]; People v Early, 85 AD2d 752, 752-753 [1981]). Upon our own review of the evidence, and in light of the uncontradicted testimony of the victim, we find that, even if a different verdict would not have been unreasonable, the jury’s verdict, which “depended almost wholly on credibility determinations,” was in accord with the weight of the evidence (People v Tyrell, 82 AD3d 1352, 1354 [2011], lv denied 17 NY3d 810 [2011] [internal *1446 quotation marks and citation omitted]; see People v Romero, 7 NY3d at 643-644; People v Luck, 294 AD2d 618, 619 [2002], lv denied 98 NY2d 699 [2002]).
While we also agree with defendant’s contention that Supreme Court should not have allowed the People to introduce evidence of defendant’s alleged gang affiliation,[4] such error was harmless. The verdict necessarily depended on the jury crediting the testimony of the victim — the only witness who testified to defendant’s conduct on the evening in question — whose demonstrated reluctance to testify would weigh heavily against the possibility that her testimony was fabricated. Since the victim’s testimony amply supported the verdict, there was no “significant probability that the improper [evidence] . . . and negative associations affected the jury’s verdict, or that the absence of such error[ ] would have led to an acquittal” (People v Rivers, 18 NY3d 222, 227 [2011]; see People v DeJesus, 45 AD3d 986, 987 [2007], lv denied 9 NY3d 1032 [2008]).
Defendant, in his amended pro se supplemental brief, also challenges the propriety of various statements made by the prosecutor in the summation. Two of those challenges — involving statements which purportedly vouched for the victim’s credibility and one remark which used a derogatory term in referring to defendant — are unpreserved for our review as defendant did not object to them at trial (see People v Terry, 85 AD3d 1485, 1487 [2011], lv denied 17 NY3d 862 [2011]). To the extent that any of the challenged remarks were improper, they do not rise to a “ ‘flagrant and pervasive pattern’ of misconduct” warranting reversal (People v Hunt, 39 AD3d 961, 964 [2007], lv denied 9 NY3d 845 [2007], quoting People v McCombs, 18 AD3d 888, 890 [2005]; see People v Terry, 85 AD3d at 1487-1488). Nor has defendant demonstrated that he was deprived of due process of law (see People v Hunt, 39 AD3d at 963-964).
We have examined defendant’s remaining contentions— including that Supreme Court was not impartial — and find them to be lacking in merit.
Mercure, J.E, Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

. The victim believed that defendant was angry with her because, three days earlier, two of defendant’s friends — who were being pursued by the police — were refused entry into her apartment. Defendant’s friends were thereafter detained by the police and at least one of them was arrested.

. The People’s theory was that defendant broke into the victim’s apartment intending to assault her out of anger at what he perceived to be her role in his friend’s arrest a few days earlier.

. The victim testified that, because she dodged and moved away from defendant, he only grazed the back of her head and she suffered no injuries or pain from the punch or the choke hold.

. The People argued that such evidence was probative of defendant’s relationship with the person who had been arrested after being denied entry into the victim’s apartment a few days earlier and, therefore, of defendant’s motive for the crimes at issue here.