12-3604-cv
Phelan v. Sullivan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand thirteen.

PRESENT:     GUIDO CALABRESI,
             DEBRA ANN LIVINGSTON,
             DENNY CHIN,
                            Circuit Judges.

_____

KENNETH J. PHELAN,

                    *Plaintiff-Appellant*,

             v.                                         12-3604-cv

CHUCK SULLIVAN, N.Y.S. Senior Investigator, individually and in his official capacity, MICHAEL REINOHL, N.Y.S.P. Investigator, individually and in his official capacity, ERIC LEONARD, N.Y.S.P. Investigator, individually and in his official capacity, ANN KOSTECKI, N.Y.S.P. Investigator, individually and in her official capacity, JIM CONWAY, N.Y.S.P. Investigator, individually and in his official capacity, MATTHEW RENNERMAN, N.Y.S.P. Investigator, individually and in his official capacity, HARRY CORBITT, Superintendent of N.Y.S. Police Department, individually and in his official capacity, NICK GEORGEADIS, N.Y.S.P. Investigator, individually and in his official capacity,

                    *Defendants-Appellees,*

NICOLE LICHVA, N.Y.S.P. Investigator, individually and in her official capacity, LYNDA K. RYMANOWSKI, N.Y.S.P. Investigator, individually and in her official capacity, ROBERT GAVIN, a

reporter at the Times Union, individually and in his official capacity, T. TYLER, Senior Editor for the Times Union, individually and in her official capacity, a/k/a TENA TYLER, R. SMITH, individually and in his official capacity, a/k/a REX SMITH, DEAN DELNEGRO, U.S. Immigration Agent, individually and in his official capacity, JUDGE WAGNER, Albany City Court Judge, individually and in official capacity, CITY OF ALBANY, CHRISTINA CALABRESE, Assistant District Attorney, individually and in her official capacity,

*Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**          Kenneth J. Phelan, *pro se*, Marcy, NY.

**FOR DEFENDANTS-APPELLEES:**          Kate H. Nepveu, Assistant Solicitor General (Of Counsel) (Denise A. Hartman, Assistant Solicitor General (Of Counsel), Barbara D. Underwood, Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General, Office of the Attorney General, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff-Appellant's motion to strike is **DENIED**, and the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART**, and the matter is **REMANDED** for further proceedings.

Plaintiff-Appellant Kenneth J. Phelan ("Phelan"), proceeding *pro se*, appeals from a Memorandum Decision and Order of the United States District Court for the Northern District of New York (Hurd, *J.*), entered August 28, 2012, granting Defendants-Appellees' motion for summary judgment and denying Phelan's cross-motion for summary judgment. Phelan asserts claims pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights against false arrest, excessive force, and illegal seizure of property arising from a July 17, 2008 arrest. Phelan also

2

challenges the district court's decision not to recuse itself and the denial of his motion to appoint counsel. Finally, Phelan moves this Court to strike Defendants-Appellees' allegedly defamatory statements in their brief to this Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party. *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010). "Summary judgment is warranted only where 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). The Court is required to resolve all ambiguities and draw all inferences in favor of the nonmoving party but "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis added).

Phelan first argues that the district court erred in granting Defendants-Appellees' motion for summary judgment as to his § 1983 claim for false arrest. A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested. *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) (stating "the common-law rule, equally applicable to actions asserting false arrest . . . was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested" and then incorporating that common-law principle into § 1983 claims for false arrest); *see Southerland v. City of New York*, 681 F.3d 122, 125 (2d Cir. 2012) (citing *Cameron*); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("If, following the arrest, the plaintiff was convicted of the charges against him, that conviction normally would be conclusive evidence of probable cause. But this is so only if the conviction survives appeal." (internal

3

quotation marks and citations omitted)). Phelan was ultimately convicted—and his conviction upheld on appeal—for the crimes for which he was arrested on July 17, 2008. Given Phelan's ultimate conviction for the offense for which he was "falsely" arrested, we affirm the district court's grant of summary judgment as to this claim.

Phelan next argues that the district court erred in dismissing his § 1983 claims alleging Fourth Amendment violations for unlawful search and seizure. As the district court noted, Phelan already had a full and fair opportunity to litigate his search and seizure claim at the initial suppression hearing and on appeal to the New York Appellate Division.[1] The Appellate Division determined that the record "fail[ed] to reveal any likelihood of success of a challenge to the admissibility of [Phelan's] statements to the police or the evidence seized from his residence pursuant to the search warrant." *People v. Phelan*, 82 A.D.3d 1279, 1282 (3d Dep't 2011). "Under 28 U.S.C. § 1738 a federal court must, in according full faith and credit, give to a State court judgment the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996). New York's collateral estoppel doctrine "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination." *Id.* (quoting *Weiss v. Manfredi*, 639 N.E.2d 1122, 1123 (N.Y. 1994)). Given that Phelan already had the opportunity to

---

[1] Phelan's counsel withdrew suppression motions at the end of the *Mapp/Huntley* hearing, *see Phelan v. Sheahan*, No. 9:11-cv-00416, 2013 WL 149476, at *8 (N.D.N.Y. Jan. 14, 2013). The New York Appellate Division concluded that withdrawing these motions did not amount to ineffective assistance of counsel. *People v. Phelan*, 82 A.D.3d 1279, 1282 (3d Dep't 2011). The New York Court of Appeals denied Phelan leave to appeal on June 13, 2011. *People v. Phelan*, 17 N.Y.3d 799 (2011).

4

litigate whether personal property was seized in violation of his Fourth Amendment rights in the suppression hearing, where he was represented by counsel, and on appeal to the New York Appellate Division, we agree with the district court that Phelan is collaterally estopped from raising these claims in federal court.

However, the district court erred in dismissing Phelan's excessive force claim. This Court analyzes claims of excessive force arising in the context of an arrest under the Fourth Amendment's objective reasonableness test, paying "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Here, the district court concluded that Phelan's injuries were *de minimis*, finding that Phelan did not allege any specific injury or allege that he sought medical treatment, and that the force used was reasonable to effectuate his arrest. The district court also stated that, at most, Phelan alleged that "[Defendants-Appellees] broke down the door to [Phelan's] apartment without warning, tackled him to the ground, placed their feet and knees on his back, twisted his arms behind his back, and handcuffed him." A review of the record indicates, however, that in his cross-motion for summary judgment, Phelan alleged that several of the Defendants-Appellees punched, kicked, and beat him while effecting his arrest, and that Defendants-Appellees' actions nearly broke his arm.

Neither the Defendants-Appellees nor the district court addressed these additional allegations, even though our case law provides that liability may exist where an officer "gratuitously inflict[s] pain in a manner that [is] not a reasonable response to the circumstances." *See Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 124 (2d Cir. 2004). Our Court has concluded that

5

summary judgment was not appropriate, moreover, where the plaintiff alleged that a defendant "pushed" her against a car door, "yanked" her out, "threw [her] up against the fender," and "twisted [her] arm behind [her] back," and that she had suffered bruises lasting several weeks. *See Robison v. Via*, 821 F.2d 913, 923-24 (2d Cir. 1987). The *Robison* court further noted that, although the plaintiff had not sought medical treatment for her injuries, this failure was not fatal to her claim. *See id.* at 924. On the record before us, we conclude that it was error to rule as a matter of law that Appellant's injuries were *de minimis*, and that summary judgment on this claim was inappropriate. We note also that the record contains conflicting evidence as to whether Phelan was in proximity to two knives, a fact that could also be relevant to the reasonableness of the force used against him.

We conclude that the district court did not err in failing to recuse itself, as Phelan's allegations of bias appear to rest solely on disagreements with prior decisions of the assigned judge; "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The district court also properly denied Phelan's motion for appointment of counsel after concluding that Phelan had not demonstrated that his claims were likely to succeed on the merits. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam) (stating that motions for appointment of counsel should be reviewed for "likely merit" so courts do not appoint pro bono counsel "for a meritless case that no lawyer would take were the plaintiff not indigent"); *see Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (citing *Cooper*).

Finally, we deny Phelan's motion to strike, as Defendants-Appellees' allegedly defamatory statements accurately reflect their interpretation of the facts underlying the case, and Phelan's objections are primarily disagreements with whether the account of the facts on which Defendants-Appellees have chosen to rely is correct.

6

Accordingly, the motion to strike is **DENIED**, and we **AFFIRM** the judgment of the district court in part, and **VACATE** and **REMAND** the excessive force claim for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk