■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HAWKINS, Appellant. [973 NYS2d 437]—

McCarthy, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 25, 2010, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree (two counts).

Following an altercation in the street where a man was shot in the arm, police apprehended defendant and he confessed to shooting the victim. He was charged with criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree. At trial, he was convicted only of the counts of criminal possession of a weapon. County Court sentenced him to concurrent prison terms of 15 years and five years of postrelease supervision. Defendant appeals.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. To support the two counts here, the People were required to prove that defendant possessed a loaded firearm in a place other than his home or business (*see* Penal Law § 265.03 [3]), and that he possessed a loaded firearm with intent to use it unlawfully against another person (*see* Penal Law § 265.03 [1] [b]). The victim was shot in the street, so it is undisputed that someone possessed a loaded

---

firearm in a place other than a home or business and it was used against another person. Defendant challenges the voluntariness of his confession and the proof regarding his identity as the shooter and possessor of the pistol. If voluntary, his confession need only be corroborated by some proof that the charged crime was committed by someone (see CPL 60.50; *People v Button*, 56 AD3d 1043, 1045 [2008], *lv dismissed* 12 NY3d 781 [2009]).

Defendant's mother, girlfriend and brother testified that they were detained by police on the day of the shooting. His girlfriend testified that defendant informed her, at the police station that night, that the police coerced him to admit to the shooting to prevent his family from being criminally charged, and that he dictated a statement for her to sign at the direction of the police. On the other hand, several police officers testified that no coercion was employed and defendant voluntarily gave his statement. In the videotaped statement, defendant confessed in detail to possessing the gun and shooting the victim, and also acknowledged that his statement was not coerced. The confession was corroborated in general by proof that a shot was fired on the street during the incident. It was specifically corroborated because the gun was found where defendant told the officers it would be located. Additionally, he stated in the confession that the gun had five bullets when he went to the scene of the incident, one was ejected as a live round when he cocked the gun next to his mother's vehicle with the door open, and he shot once. The five bullets were accounted for: the gun that was retrieved contained three live rounds, one live round that was recovered from his mother's vehicle was consistent with being ejected from that gun, and a spent casing was found on the sidewalk near where the shooting occurred. This evidence further corroborated the confession. Although no eyewitness testified that defendant possessed or shot the gun and no fingerprints or DNA on the gun could be matched to defendant, he admitted the crime in his confession and the defense witnesses' testimony was attacked or inconsistent with the confession. We find that defendant's statement was voluntary and sufficiently corroborated, providing legally sufficient evidence for the verdict, and, giving deference to the jury's credibility determinations, the verdict was not against the weight of the evidence (see *People v Bianca*, 91 AD3d 1127, 1127-1128 [2012], *lv denied* 19 NY3d 862 [2012]; *People v Johnson*, 79 AD3d 1264, 1266 [2010], *lv denied* 16 NY3d 832 [2011]).

Defendant did not object to the People's opening statement and did not object to most of the comments that he now

complains about from the People's summation, leaving any challenge to those comments unpreserved for our review (*see People v Perry*, 95 AD3d 1444, 1446 [2012], *lv denied* 19 NY3d 1000 [2012]; *People v Terry*, 85 AD3d 1485, 1487 [2011], *lv denied* 17 NY3d 862 [2011]). The few comments that were objected to were not improper because they were either responsive to defendant's attack on the integrity of the police witnesses or constituted fair comment on the evidence (*see People v Leonard*, 83 AD3d 1113, 1117 [2011], *affd* 19 NY3d 323 [2012]; *People v Pine*, 82 AD3d 1498, 1502 [2011], *lv denied* 17 NY3d 820 [2011]).

By failing to object to the alleged repugnancy of the verdict before the jury was discharged, defendant failed to preserve that argument for appellate review (*see People v McCottery*, 90 AD3d 1323, 1326 [2011], *lv denied* 19 NY3d 975 [2012]; *People v Smith*, 89 AD3d 1126, 1131-1132 [2011], *lv denied* 18 NY3d 962 [2012]). Defendant did not preserve his current attack on the jury charge by either requesting an expanded charge on the voluntariness of his confession (*see* CJI2d[NY] Statements [Admissions, Confessions]—Expanded Charge on Traditional Voluntariness) or objecting to the jury charge that was given on that topic (*see People v Holzer*, 52 NY2d 947, 948 [1981]; *People v Rogers*, 94 AD3d 1246, 1251 [2012], *lv denied* 19 NY3d 977 [2012]). Similarly, defendant did not object when County Court ordered that infants be excluded from the courtroom during summations and the charge to the jury, thus rendering unpreserved his argument that the court violated his right to a public trial (*see People v Marsalis*, 3 AD3d 509, 510 [2004], *lv denied* 2 NY3d 802 [2004]; *People v Brathwaite*, 240 AD2d 419, 419 [1997], *lv denied* 90 NY2d 1009 [1997]; *People v Jackson*, 226 AD2d 476, 477 [1996], *lv denied* 88 NY2d 987 [1996]).

Defendant's remaining contentions have been reviewed and are without merit.

Lahtinen, J.P., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.