■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRIS M. WYNN, Also Known as KAYE, Also Known as BELOVED, Appellant. [52 NYS3d 136]—

Mulvey, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered April 17, 2014, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (three counts).

Following two controlled buys of drugs (cocaine and heroin) from defendant by two different confidential informants (hereinafter CI), defendant was apprehended after a traffic stop by a state trooper on Interstate 87 (hereinafter I-87) in the Town of Plattsburgh, Clinton County. After a canine sniff indicated drugs in the vehicle, a search warrant for defendant's person was obtained. When the warrant was executed at the Plattsburgh police station, defendant produced 109 packets of heroin from his pants. Defendant was thereafter indicted on three counts of criminal possession of a controlled substance in the third degree and two counts of criminal sale of a controlled substance in the third degree. Defendant's motion to suppress the physical evidence obtained as a result of the search was denied by County Court. Following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 16 years, together with four years of postrelease supervision. Defendant appeals.

Defendant contends that County Court erred in finding that the police had probable cause to arrest him following the traffic stop on I-87. Testimony at the *Mapp* hearing established that the police obtained a warrant to attach a GPS device to defendant's vehicle following the two controlled buys. A CI then reported that defendant would be returning to Clinton County from Schenectady County with drugs. Police monitored the GPS transmission and waited at various points on I-87. Defendant's vehicle, operated by a friend, was observed traveling in excess of the speed limit and changing lanes without signaling and was then stopped by the police. Defendant occupied the front passenger seat, and a canine sniff indicated the presence of drugs in that area. Defendant was taken into custody and transported to the Plattsburgh police station while the police obtained a search warrant. Shortly after the search warrant was delivered to the police station, defendant produced, from his pants, a bag containing the packets of heroin. Defendant testified at the *Mapp* hearing that the vehicle was not speeding and that the driver had properly signaled before returning to the right-hand lane. County Court found the po-

lice testimony to be credible and held that the totality of the information known to the police at the time of the traffic stop provided reasonable suspicion that defendant was carrying drugs. We agree.

First, we note that "[f]actual determinations of the suppression court are entitled to great weight and will not be overturned unless clearly contrary to the evidence, taking into consideration the court's credibility determinations" (*People v Weishaupt*, 118 AD3d 1100, 1102 [2014] [internal quotation marks and citations omitted]). Here, the state trooper had probable cause to believe that the driver had committed two traffic violations and he was therefore authorized to stop the vehicle on that basis, regardless of any other underlying motivation (*see People v Robinson*, 97 NY2d 341, 349 [2001]). Notwithstanding the traffic violations, the wealth of information arising from the controlled buys, the court-authorized GPS monitoring of defendant's vehicle and the validated tip from one of the CIs regarding defendant's purposeful travels that day, all established probable cause to detain defendant (*see People v Wolfe*, 103 AD3d 1031, 1034 [2013], *lv denied* 21 NY3d 1021 [2013]). Further, the canine alert compounded the suspicion of narcotics possession and provided additional justification for defendant's detention (*see People v Devone*, 57 AD3d 1240, 1243 [2008], *affd* 15 NY3d 106 [2010]).

Next, we note that defendant's challenge to the legal sufficiency of the evidence was not preserved for our review as he made only a general motion to dismiss the entire indictment at the close of the People's case (*see People v Thorpe*, 141 AD3d 927, 928 [2016], *lv denied* 28 NY3d 1031 [2016]; *People v Thiel*, 134 AD3d 1237, 1237-1238 [2015], *lv denied* 27 NY3d 1156 [2016]). With regard to defendant's further contention that the verdict was against the weight of the evidence, we are first required "to determine whether an acquittal would not have been unreasonable [and] [i]f so, [we] must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, an acquittal would not have been unreasonable if the jury had determined not to credit the testimony of the CIs. However, with regard to the two controlled buys, we reject defendant's contention that either or both of the CIs were insufficiently reliable. Although both CIs had criminal backgrounds, histories of drug abuse and received favorable treatment from the People for their cooperation, the record shows that both were fully cross-

examined at trial. Defendant has failed to demonstrate that their testimony was "inherently incredible or improbable" (*People v Heaney*, 75 AD3d 836, 837 [2010], *lv denied* 15 NY3d 852 [2010]). Abundant evidence established that the two drug transactions were closely monitored by police and that the substances purchased were narcotics. Defendant's argument at trial with regard to the credibility of the police officers who witnessed his production of the heroin from his pants at the police station was rejected by the jury, and he has furnished no reason for this Court to disturb that finding. Consequently, we find that the jury's verdict on all of the charges is in accord with the weight of the evidence.

As for defendant's challenges to County Court's evidentiary rulings during the trial, we discern no abuse of discretion (*see People v Carroll*, 95 NY2d 375, 385 [2000]; *People v Aska*, 91 NY2d 979, 981 [1998]). Detective Chris Maggy's testimony that State Trooper Matthew Ross told him that the canine "alerted positively" during the traffic stop was properly admitted for the nonhearsay purpose of providing background information for Maggy's actions (*see People v Jackson*, 100 AD3d 1258, 1261 [2012], *lv denied* 21 NY3d 1005 [2013]). Further, a lab technician's statement that another scientist had not found any discrepancies when her test results were reviewed was not hearsay because that fact was included in admissible business records (*see* CPLR 4518 [a]). Finally, defendant's objection with respect to the chain of custody proof offered by the People merely goes to its weight, not admissibility (*see People v Shoga*, 89 AD3d 1225, 1226 [2011], *lv denied* 18 NY3d 886 [2012]).

We also reject defendant's contention that the prosecutor's comments during summation deprived him of a fair trial. Reversal based on prosecutorial misconduct during summation "is warranted only if the misconduct is such that the defendant suffered substantial prejudice, resulting in a denial of due process" (*People v Forbes*, 111 AD3d 1154, 1160 [2013] [internal quotation marks, brackets and citations omitted]). That determination "hinges upon 'the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct' " (*id.*, quoting *People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]). First, we note that defense counsel made only one objection during the prosecutor's summation and, thus, did not preserve his arguments regarding several other comments for our review (*see People v Rivera*, 124 AD3d 1070, 1074-1075 [2015], *lv*

*denied* 26 NY3d 971 [2015]; *People v Leonard*, 83 AD3d 1113, 1117 [2011], *affd* 19 NY3d 323 [2012]). Defense counsel did object to the prosecutor's characterization of his challenge to the arresting officer's credibility as an accusation that the officer planted the heroin on defendant. We agree that the prosecutor's statements constituted fair comment on defense counsel's challenge to the arresting officer's integrity and credibility (*see People v Hawkins*, 110 AD3d 1242, 1244 [2013], *lv denied* 22 NY3d 1041 [2013]). Turning to the other statements cited by defendant, if his challenges were properly before us, we would find that the statements were either fair comment on the evidence or a fair response to defendant's theory of the case as revealed in the cross-examination of the People's witnesses and in his summation. While one comment could reasonably be viewed as an unfair comment on defendant's right to trial, that comment, together with the other alleged improper statements, did not constitute "a flagrant and pervasive pattern of prosecutorial misconduct so as to deprive defendant of a fair trial" (*People v Rivera*, 124 AD3d at 1075 [brackets and citation omitted]).

Nor do we find merit in defendant's argument that he was deprived of the effective assistance of counsel on the basis of counsel's failure to object to these other statements. In addressing the issue of effective representation, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality . . . , reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]), the constitutional requirement will be satisfied (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Our review of the record as a whole confirms that defense counsel presented cogent opening and closing statements, made timely and appropriate motions and effectively cross-examined the People's witnesses, thus providing meaningful representation to defendant (*see People v Thorpe*, 141 AD3d 927, 935 [2016], *lv denied* 28 NY3d 1031 [2016]).

Finally, we find no merit in defendant's challenges to his sentence. Defendant was provided with written notice of his predicate felony conviction, and he made no objection thereto at sentencing. Consequently, his challenge to second felony offender status is unpreserved for our review (*see People v Morse*, 111 AD3d 1161, 1161 [2013], *lv denied* 23 NY3d 1040 [2014]). Further we find no extraordinary circumstances or an abuse of discretion warranting modification in the interest of justice (*see People v Rouse*, 4 AD3d 553, 558 [2004], *lv denied* 2 NY3d 805 [2004]; *People v Delgado*, 80 NY2d 780, 783 [1992]).

Defendant's remaining arguments have been examined and found to be unavailing.

Egan Jr., J.P., Lynch, Rose and Clark, JJ., concur. Ordered that the judgment is affirmed.