■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. BLAIR, Appellant. [643 NYS2d 430]

In satisfaction of a three-count indictment, defendant pleaded guilty to rape in the third degree and was sentenced to a prison term of 1 to 4 years. He argues that the sentence is harsh and excessive. Given the nature of the crime and the vulnerability of the victim, we find this argument to be unpersuasive. Accordingly, we decline to disturb the sentence imposed by County Court.

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIE M. FOOTE, Appellant. [643 NYS2d 430]

As the result of her involvement in an automobile accident, defendant was convicted after a jury trial of vehicular assault in the second degree and operating a motor vehicle while under the influence of alcohol. She was sentenced to 1 to 4 years in prison. Defendant argues that she was denied the effective assistance of counsel and that the sentence imposed is harsh and excessive. Although defendant criticizes her attorney's failure to challenge the admissibility of the blood test, we do not find that this omission rendered his representation ineffective. The record discloses that there was little basis for challenging this test under the circumstances presented. Having viewed defense counsel's representation in its entirety, we find that defendant was afforded meaningful representation (*see, People v Satterfield*, 66 NY2d 796, 799-800; *People v Nusbaum*, 222 AD2d 723, 725). In addition, given defendant's prior alcohol-related conviction and the seriousness of the crime, we cannot say that the sentence imposed is either harsh or excessive.

Mikoll, J. P., Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.