(August 3, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN S. SOWIZDRAL, JR., Appellant. [712 NYS2d 203] —Lahtinen, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered April 26, 1999, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

Defendant was indicted on two counts of driving while intoxicated stemming from his operation of a motor vehicle in Montgomery County. Found guilty on both counts after a jury trial, defendant was sentenced to concurrent indeterminate prison sentences of 1⅓ to 4 years on each count. He now appeals.

At trial a witness, riding as a front seat passenger in a vehicle operated by her then fiancé, testified that they were following a blue and white older model van and observed that vehicle swerving between the lanes of the road on State Route 5S, nearly colliding head-on with a vehicle in the oncoming lane. Her fiancé testified that the vehicle "jumped" a curb when it turned from Route 5S onto State Route 10 in Canajoharie. These witnesses then testified that they proceeded directly to the Canajoharie police station where their observations, a description of the vehicle and what one witness believed to be the license plate number of the blue and white van, were related to Sergeant Allen Blowers.

Blowers testified that he immediately set out in search of the van and, within minutes, observed a vehicle matching the witnesses' description moving on a road known as the Church Street fire lane. Blowers pulled up behind the vehicle and turned on his red emergency lights and the vehicle stopped. As Blowers approached the vehicle he observed the driver shut off the lights and engine and roll down the window. He identified the operator to be defendant and proceeded to ask for defendant's license and registration. He noticed that defendant's eyes were watery and bloodshot and that a strong odor of

alcoholic beverage was coming from the van. Blowers testified that defendant said "I'm drunk", "I'm f\*\*ked", and that defendant indicated he had planned to sleep in his van in the nearby Village of Fort Plain but decided to drive home to Canajoharie. Blowers further testified that defendant admitted drinking three beers and some whiskey. After he had defendant perform field sobriety tests, Blowers arrested defendant for driving while intoxicated.

Defendant was administered a breathalyzer test at the Canajoharie police station by Officer Cecil Jones after being given his *Miranda* and driving while intoxicated warnings, registering a blood alcohol content of 0.17%. Jones testified that defendant admitted drinking shots of whiskey in Fort Plain, drinking some beer and that he had "f\*\*ked up". Defendant's statements to both officers were the subject of a *Huntley* hearing after which County Court ruled the statements admissible.*

Defendant and two witnesses testified on behalf of the defense. The first witness said that defendant was with him in the afternoon, did not drink anything in his presence and that he had given defendant the empty beer bottles confiscated from defendant's vehicle by Blowers the evening of his arrest. Defendant's neighbor testified that he and defendant consumed half of a liter of whiskey at about 4:30 P.M. that day in defendant's apartment while fixing defendant's VCR and that he observed defendant's van keys on the living room table the entire time he was in defendant's apartment, including while he remained for a short time after defendant left to go to his van. Defendant testified that he went job hunting that afternoon, came home and had a coffee cup full of whiskey with his neighbor. He thereafter went down to his van to get his coat and the job applications he had picked up and was sitting in the van gathering these items when Blowers pulled up behind him. He testified he had nothing else to drink that day.

Defendant was convicted after trial on both counts of the indictment, one charging "common-law" intoxication (Vehicle and Traffic Law § 1192 [3]) and the other for operating a vehicle with a blood alcohol content of 0.10% or higher (Vehicle and Traffic Law § 1192 [2]).

Defendant's primary contention on appeal is that he was denied effective assistance of counsel. He argues that his defense counsel did not adequately discuss his neighbor's

---

* County Court's ruling is not included in the record on appeal but is referred to by County Court during the trial preliminaries and is not challenged on this appeal.

testimony regarding drinking with defendant the afternoon in question resulting in the neighbor providing very damaging testimony to the defense. Thereafter his counsel failed to either rehabilitate or discredit this witness's damaging testimony or request an adjournment to do so, thereby undermining the defense strategy that defendant did not drink any alcoholic beverages until he returned home and had not driven after doing so. Defendant also claims that cumulative errors by defense counsel (discussing in his summation the possibility that defendant drank the beer in the empty bottles found by Blowers and failing to object to the prosecution's allegedly improper cross-examination of defendant) require reversal of his conviction.

Our examination of a claim of ineffective assistance of counsel centers on whether defendant received "meaningful representation" (*People v Benevento*, 91 NY2d 708, 712; *see, People v Wiggins*, 89 NY2d 872, 873; *People v Baldi*, 54 NY2d 137, 151; *People v Fancher*, 267 AD2d 770, *lv denied* 94 NY2d 919; *People v Foote*, 228 AD2d 720). Defendant also asks that we scrutinize the actions of defense counsel in light of the Federal standard which requires a showing that counsel's performance was deficient and that such deficiency prejudiced defendant to the point that a reasonable probability of a different result existed but for counsel's unprofessional errors (*see, Strickland v Washington*, 466 US 668, 694; *cf., People v Ford*, 86 NY2d 397, 405).

At the outset we note that the courts of this State have not adopted the *Strickland* test for determining ineffective assistance of counsel claims but continue to apply a flexible standard to analyze claims based upon a deprivation of the right to effective assistance of counsel guaranteed under the New York Constitution (*see, People v Benevento, supra,* at 715; *People v Vilardi*, 76 NY2d 67, 74; *People v Rivera*, 71 NY2d 705; *People v Benn*, 68 NY2d 941; *People v Baldi*, 54 NY2d 137, *supra*).

Our review of the record reveals that defense counsel made appropriate motions, secured and participated in a suppression hearing, secured favorable *Sandoval* rulings pertaining to defendant's testimony and attacked the credibility of the prosecution witnesses through cross-examination, consistent with the defense strategy and defendant's testimony. Contrary to defendant's argument in his brief, defense counsel did attempt to rehabilitate his neighbor's testimony as to the time they consumed whiskey together and elicited favorable testimony regarding defendant's vehicle keys remaining in the apartment.

Applying this State's flexible standard in analyzing defendant's claim of ineffective assistance of counsel, we find that defendant received "meaningful representation" (*see, People v Satterfield*, 66 NY2d 796). Unsuccessful strategic determinations do not form a basis for a claim of ineffective assistance of counsel (*see, People v Benn*, 68 NY2d 941, 942, *supra; People v Brewer*, 266 AD2d 577, 579). Contrary to defendant's assertions on appeal, defense counsel developed the concepts that defendant was not operating his vehicle while he was drinking and that the road where he was stopped was not a roadway as defined by Vehicle and Traffic Law § 1192 (7). We also note that faced with defendant's recent driving and criminal history, his counsel secured a very favorable plea bargain (*see, People v Smith*, 263 AD2d 676, 677, *lv denied* 93 NY2d 1027) which he ultimately rejected.

We have reviewed defendant's remaining arguments which are closely related to his ineffective assistance of counsel claim, and find them to be without merit.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.