■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE M. HEMINGWAY, Appellant. [760 NYS2d 367] —Mercure, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 8, 1999, convicting defendant upon his plea of guilty of the crimes of criminal possession of marihuana in the first degree, endangering the welfare of a child and criminal possession of a hypodermic needle.

In September 1997, defendant was found to be in possession of a large quantity of marihuana and was growing it around his home, which he shared with his girlfriend and their two young children. He and his girlfriend were charged in an indictment with various crimes relating thereto and were jointly represented throughout the course of the proceedings. Ultimately, defendant pleaded guilty to criminal possession of

marihuana in the first degree, endangering the welfare of a child and criminal possession of a hypodermic needle in full satisfaction of the indictment. As part of the plea agreement, the District Attorney agreed to allow defendant's girlfriend to plead guilty to two counts of the indictment, and to be sentenced to a $1,000 fine and a three-year period of probation. Both defendant and his girlfriend waived their rights to appeal. Thereafter, defendant was sentenced, in accordance with the plea agreement, to a definite one-year jail term on his conviction of criminal possession of marihuana in the first degree and concurrent six-month jail terms on the remaining charges. Defendant now appeals.

Defendant's assigned appellate counsel seeks to be relieved of representing defendant on the ground that there are no non-frivolous issues that may be raised on appeal. Defendant, however, has filed a pro se submission contesting appellate counsel's position, arguing that his trial counsel improperly refused his request to withdraw the plea at sentencing and the search of his premises was illegal. Initially, we note that defendant's claim of ineffective assistance of counsel concerns matters outside the present record and is more properly the subject of a CPL article 440 motion (*see People v Carroll [Barile]*, 299 AD2d 572, 572-573 [2002], *lvs denied* 99 NY2d 625, 626 [2003]; *People v Perez*, 198 AD2d 540, 542 [1993], *lv denied* 82 NY2d 929 [1994]). In any event, our review of the record discloses that defendant was fully informed of the ramifications of pleading guilty, including the rights he was waiving thereby. Defendant stated on the record that he was not under the influence of drugs or alcohol and was satisfied with the services of his attorney. Accordingly, defendant's plea and waiver were knowing, voluntary and intelligent (*see People v Angus*, 303 AD2d 829, 830 [2003]; *People v King*, 299 AD2d 661, 662 [2002], *lv denied* 99 NY2d 583 [2003]). Defendant is precluded by his voluntary waiver of the right to appeal from now challenging the legality of the search (*see People v Castano*, 302 AD2d 686, 687 [2003]; *People v Scott*, 222 AD2d 958, 959 [1995], *lv denied* 87 NY2d 1025 [1996]). Inasmuch as our review does not reveal any nonfrivolous issues of arguable merit (*cf. People v Shaw*, 301 AD2d 751 [2003]; *People v Vahedi*, 299 AD2d 662 [2002]), defense counsel's application is granted and the judgment is affirmed (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.