■ The People of the State of New York, Respondent, v Demetrios D. Green, Appellant. [780 NYS2d 100]—Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 19, 2002, convicting defendant upon his

plea of guilty of the crimes of criminal contempt in the first degree and criminal possession of a controlled substance in the fifth degree.

Defendant pleaded guilty to the crimes of criminal contempt in the first degree and criminal possession of a controlled substance in the fifth degree and waived his right to appeal. Defendant thereafter was sentenced as a second felony offender in accordance with the negotiated plea agreement to concurrent prison terms of 2 to 4 years. Defense counsel now seeks to be relieved of his assignment as counsel for defendant upon the ground that there are no nonfrivolous issues to be raised on appeal.

Although the record establishes that after the sentence was imposed defendant moved to withdraw his plea based upon a claim of ineffective assistance of counsel, as noted by County Court, defendant's belated assertion that he had recent information that his attorney did not "act properly" concerned matters outside the record and is more properly the subject of a CPL article 440 motion (see People v Hemingway, 306 AD2d 689, 690 [2003]). Moreover, the record establishes that defendant indicated during the plea colloquy that he was satisfied with the services of defense counsel and that he was knowingly, voluntarily and intelligently pleading guilty. Furthermore, defendant declined to make any statements on his behalf prior to sentencing.

Upon reviewing the record and defense counsel's brief, we agree with the conclusion of defense counsel that there are no nonfrivolous issues to be raised on appeal. The judgment is, accordingly, affirmed and defense counsel's application to be relieved of his assignment is granted (see People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Stokes, 95 NY2d 633 [2001]).

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.