■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIRAM A. GROSS, Appellant. [801 NYS2d 430]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 23, 2004, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

Defendant was charged with two felony counts of driving while intoxicated after police officers observed him driving erratically and a subsequent breathalyzer test revealed a blood alcohol content of 0.18% (*see* Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]). Following a jury trial, defendant was convicted of both counts and sentenced to concurrent terms of 1

to 3 years in prison. He now appeals, asserting ineffective assistance of counsel.

We affirm. Defendant's contention that his counsel was ineffective by failing to challenge the admissibility of his statements based upon the inadequacy of the People's CPL 710.30 notice is unavailing. To the extent that this issue concerns matters outside of the present record, it is more properly the subject of a CPL article 440 motion in which additional facts, including the sum and substance of defendant's statements as reflected in the CPL 710.30 notice, may be developed (*see People v Green*, 9 AD3d 687, 688 [2004]; *People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]). Although defendant has not included the CPL 710.30 notice in this record, his counsel clearly acknowledged its receipt at arraignment and moved to suppress the statements on voluntariness grounds. Defendant later consented to their admissibility and waived his right to a *Huntley* hearing.

Next, we discern no error in counsel's stipulation to the admissibility of the breathalyzer results during trial. Although this stipulation foreclosed a question of fact regarding the reliability of the breathalyzer device, it occurred only after counsel had reviewed the evidence indicating that the device was used properly and had discussed the issue with defendant. Moreover, the record reveals that the stipulation enabled counsel to focus upon the defense of justification as the primary theory of the case. Inasmuch as defendant's hindsight disagreement with counsel's trial strategy or losing tactics will not render assistance ineffective (*see People v Demetsenare*, 14 AD3d 792, 793 [2005]; *People v Murray*, 7 AD3d 828, 831 [2004], *lv denied* 3 NY3d 679 [2004]; *People v Sowizdral*, 275 AD2d 473, 476 [2000], *lv denied* 95 NY2d 969 [2000]), we find that defendant's representation, viewed in its totality, was meaningful.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.