■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENNAN HUGHES, Appellant. [897 NYS2d 315]—

Lahtinen, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered January 3, 2007, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (seven counts), endangering the welfare of a child (five counts) and forcible touching.

A foster child residing with defendant and his wife was allegedly subjected to sexual contact by defendant on March 31, 2002, including placing his fingers in her vagina and anus on two separate occasions that evening. The child (hereinafter the younger victim), who was five years old at the time, did not tell anyone until after she had been adopted and was living in another state in 2005. During the ensuing investigation of the incident, another girl, who was a relative of defendant and had spent time at defendant's home in the summers of 1996 and 1997, reported that, during such summers, defendant had placed his fingers in her vagina and rubbed his erected penis against her buttocks. This child (hereinafter the older victim) was 10 and 11 years old at the time of the alleged acts. Defendant was

charged in a 13-count indictment with seven counts of sexual abuse in the first degree, five counts of endangering the welfare of a child and one count of forcible touching. He was convicted of all counts following a jury trial and sentenced to an aggregate prison term of 18 years with three years of postrelease supervision. Defendant appeals.

A series of errors, the cumulative effect of which cannot be characterized as harmless, requires reversal. First, we note that five of the counts against defendant were time-barred. Although defendant failed to preserve the issue, we exercise our interest of justice jurisdiction regarding this issue.[1] Defendant was convicted of two counts of endangering the welfare of a child regarding the younger victim (counts 3 and 8) and three counts of such crime as to the older victim (counts 10, 12 and 13). Endangering the welfare of a child is a class A misdemeanor (see Penal Law § 260.10 [1]) and the statute of limitations as to such crime is two years (see CPL 30.10 [2] [c]; People v Scanlon, 52 AD3d 1035, 1037 [2008], lv denied 11 NY3d 741 [2008]; People v Rogner, 265 AD2d 688, 688 [1999]). Unlike sexual offenses under Penal Law article 130, the limitations period pertaining to this misdemeanor is not tolled until the victim's 18th birthday (see CPL 30.10 [3] [f]). Here, September 2005 is the earliest date asserted by the People as a date of commencement. This was over eight years after the last alleged act involving the older victim and about 3½ years after the last alleged act involving the younger victim. The conviction of the counts of endangering the welfare of a child (counts 3, 8, 10, 12 and 13) must thus be reversed and those counts dismissed.

Review of the record further reveals that the evidence at trial did not support the conviction of sexual abuse in the first degree under count 11.[2] That count alleged that defendant, in the summer of 1997, subjected the older victim to sexual conduct when she was less than 11 years old (see Penal Law § 130.65 [3]). The uncontradicted proof at trial, including the older victim's own testimony, established that she was born in April 1986 and, by the summer of 1997, she was, in fact, 11 years old. While the testimony regarding defendant's touching of her in the summer of 1997, together with her age, would support a conviction of

1. Trial counsel failed to raise the statute of limitations issue and appellate counsel asserted it as to the three misdemeanor counts involving the older victim. We note that, in some circumstances, such failures have ineffective assistance of counsel implications (see People v Turner, 5 NY3d 476 [2005]).

2. Again, although this issue was not raised by trial or appellate counsel (see People v Turner, 5 NY3d at 479-485), we exercise our interest of justice jurisdiction and take corrective action with respect thereto.

the lesser included crime of sexual abuse in the second degree (*see* Penal Law § 130.60 [2]), the conviction of sexual abuse in the first degree was improper since she was not less than 11 years old in the summer of 1997. The conviction on this count must be reversed, with leave to re-present an appropriate charge to a new grand jury.

During trial and over defendant's objection, the People attempted to impeach the testimony of defendant's wife by using a letter she had written to her relatives, who were also family of the older victim. While we are unpersuaded that County Court abused its discretion in permitting such questioning (*see People v Duncan*, 46 NY2d 74, 80 [1978]), a cautionary instruction advising the jury that this proof could be considered only for impeachment purposes was not given. Moreover, during summation, the prosecutor quoted the letter while urging the jury to consider it as direct evidence of defendant's guilt. We recently held on similar facts that such conduct required reversal (*see People v Montgomery*, 22 AD3d 960, 962-963 [2005]; *see also People v Patterson*, 203 AD2d 597, 598 [1994]). The same result must follow here.

We further note that there is merit to defendant's argument that the People failed to timely disclose the fact that the older victim had a pending criminal charge against her. The People must disclose, after jury selection and before their opening statement, various information including, as relevant here, "[t]he existence of any pending criminal action against a witness the [P]eople intend to call at trial" (CPL 240.45 [1] [c]). This disclosure requirement affords a defendant the opportunity to explore whether any promises had been offered for the witness's cooperation (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.45, at 9-10). The People did not provide the arrest information until the older victim testified. This violated the statute. While this error alone would not necessarily mandate reversal in this case since County Court permitted defendant to inquire on cross-examination of the older victim whether she had received any benefit from her testimony, it nevertheless reflects another error. In light of the errors set forth, we are unpersuaded that defendant received a fair trial. The remaining arguments are academic.

Peters, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, counts 3, 8, 10, 12 and 13 dismissed with prejudice, count 11 dismissed with leave to re-present any appropriate related charge to another grand jury, and matter remitted to the County Court of Warren County for a new trial on the remaining counts.