■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENNAN HUGHES, Appellant. [940 NYS2d 183]—

Garry, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered July 29, 2010, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

In 2007, defendant was convicted of multiple crimes arising out of allegations that he had sexually abused two young victims in the City of Glens Falls, Warren County. These convictions were reversed (*People v Hughes*, 72 AD3d 1121 [2010]). Defendant was subsequently retried by a jury upon a single charge of sexual abuse in the first degree. He was convicted as charged and sentenced to a prison term of seven years with five years of postrelease supervision. Defendant appeals.

We reject defendant's contention that he was denied a fair trial by County Court's evidentiary rulings pertaining to testimony describing the reaction of the victim's relatives to her disclosure of the abuse. The victim, who was 10 years old at the time of defendant's alleged conduct, testified that she did not tell anyone about it until nine years later. She testified that she kept silent in part because she feared that she would be ostracized by family members and, in particular, by defendant's wife, with whom the victim shared a close relationship. Over defendant's objection, County Court permitted the victim to testify that after she disclosed the abuse, defendant's wife did not speak to her for several years and that "everything was different with [the victim's] family." Defendant contends that this testimony was irrelevant and so prejudicial that he was denied a fair trial.

" '[E]vidence is relevant if it has any tendency in reason to prove any material fact,' . . . but to be admissible its probative value must not be 'substantially outweighed by the potential for prejudice' " (*People v Arafet*, 54 AD3d 517, 519 [2008], *affd* 13 NY3d 460 [2009], quoting *People v Mateo*, 2 NY3d 383, 424, 425 [2004], *cert denied* 542 US 946 [2004]). The victim's delay in disclosing the abuse was a significant issue at trial; defendant argued that her prolonged silence indicated that the abuse had not occurred, while the People presented a forensic psychologist who testified, among other things, about psychological explanations for delayed disclosure of childhood sexual abuse (*see generally People v Spicola*, 16 NY3d 441 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]). The challenged testimony thus had probative value, in that it tended to indicate that the victim's initial silence resulted, at least in part, from an accurate appraisal of her family's likely reaction rather than from the nonoccurrence of the abuse. Moreover, the record reveals that

County Court carefully limited the victim's testimony regarding the reaction to her disclosure, and precluded the victim's mother from testifying on this subject at all. Accordingly, we find that the court appropriately balanced the probative value of this testimony in helping to explain the delayed disclosure against the risk of prejudice to defendant, and that no abuse of discretion occurred (*compare People v Khan*, 88 AD3d 1014, 1014-1015 [2011]; *People v Terry*, 85 AD3d 1485, 1488 [2011], *lv denied* 17 NY3d 862 [2011]; *People v Manning*, 81 AD3d 1181, 1183 [2011]).

Defendant's further contention regarding the victim's testimony that her three aunts "ended up in the emergency room" after being told about the abuse is unpreserved. County Court sustained defendant's objection to this testimony; while defendant now argues that a mistrial should have been granted or curative instructions administered, no request was made for either of these remedies (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Delosh*, 2 AD3d 1047, 1049-1050 [2003], *lv denied* 1 NY3d 626 [2004]). Further, County Court had previously instructed the jury that if an objection was sustained to testimony that had already been given, the testimony in question would be stricken, was "no longer evidence in the case" and was not to be considered. Although the court did not strike the victim's answer after sustaining this objection, this relief was not requested. We find that the instruction was sufficient to cure any prejudice that may have resulted from the challenged testimony (*compare People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]).

Finally, defendant contends that County Court improperly sentenced him to the maximum potential term of imprisonment as retribution for the reversal of his prior convictions (*see* Penal Law §§ 60.13, 70.80 [4] [a] [iii]; § 130.65 [3]). Our review "reveals 'no reasonable likelihood of vindictiveness' " (*People v Seavey*, 9 AD3d 742, 743 [2004], *lv denied* 4 NY3d 748 [2004], quoting *People v Young*, 94 NY2d 171, 179 [1999]; *accord People v Coon*, 45 AD3d 897, 898 [2007], *lv denied* 10 NY3d 763 [2008]). Read in context, the court's reference to defendant's prior trial during sentencing did not indicate a punitive motive but, instead, indicated an appropriate concern for defendant's persistent lack of remorse and failure to accept responsibility for his actions. Given this lack of contrition, the nature of defendant's crime, and the vulnerability of his victim, we perceive no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Wallis*, 24 AD3d 1029, 1033 [2005], *lv denied* 6 NY3d 854 [2006];

*People v Carpenter*, 301 AD2d 676 [2003], *lv denied* 99 NY2d 626 [2003]; *People v Smith*, 272 AD2d 713, 716 [2000], *lv denied* 95 NY2d 871 [2000]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.