Garry, J.
Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered November 1, 2010, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and (2) by permission, from an order of said court, entered January 4, 2011, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In December 2009, two police officers saw defendant’s vehicle make a U-turn from a parked position across four lanes of traffic on Central Avenue in the City of Albany. The officers stopped the vehicle, observed an open container of alcohol in the center console and recognized defendant’s passenger, with whom they had previously had dealings related to prostitution and drug activity. One of the officers directed defendant to exit the vehicle and then asked “if he had anything on him he wasn’t supposed to have.” Defendant acknowledged that he had some marihuana, at which point the officer directed him to place his hands on top of his head and asked whether he had “anything else.” Defendant responded that he also had cocaine. He was immediately arrested and a plastic bag containing individually wrapped pieces of crack cocaine was retrieved from his pocket.
Defendant was ultimately charged, by a superceding indictment, with one count each of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. He was found guilty of these charges by jury verdict and was sentenced as a violent predicate felony offender to an aggregate prison term of seven years, followed by three years of postrelease supervision. County Court denied defendant’s pro se motion to vacate the judgment of conviction pursuant to CPL 440.10 without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his postconviction motion.
Defendant’s suppression motion was properly denied. Even if *1039 his contention that the initial stop was not justified had been preserved (see People v Ashley, 45 AD3d 987, 988 [2007], lv denied 10 NY3d 761 [2008]), suppression would not have been required, as the officers reasonably suspected that defendant had violated the Vehicle and Traffic Law upon observing the illegal U-turn (see Vehicle and Traffic Law § 1160 [e]; People v Rorris, 52 AD3d 869, 870 [2008], lv denied 11 NY3d 741 [2008]). Thereafter, the interviewing officer’s observation of the open alcohol container and his knowledge that defendant’s passenger was involved in prostitution and drug activity gave rise to a “founded suspicion that criminality [was] afoot,” permitting questions that focused on defendant’s possible wrongdoing (People v Hollman, 79 NY2d 181, 191 [1992]; see People v Oldacre, 53 AD3d 675, 676-677 [2008]).
As to the testimony of the arresting officers regarding the reputation of the passenger for prostitution and drug use, no Molineux analysis was required, as defendant was not involved in the passenger’s alleged prior wrongdoing (see People v Arafet, 54 AD3d 517, 519 [2008], affd 13 NY3d 460 [2009]). The evidence in question was relevant to the issue of defendant’s alleged intent to exchange the drugs he was carrying for sexual activity with the passenger, and was thus admissible unless its probative value was “ ‘substantially outweighed by the potential for prejudice’ ” (id., quoting People v Mateo, 2 NY3d 383, 425 [2004] , cert denied 542 US 946 [2004]; accord People v Hughes, 93 AD3d 889, 890 [2012], lv denied 19 NY3d 961 [2012]). Any potential prejudice was properly minimized by County Court’s instruction directing the jury to consider the reputation testimony solely on the issue of intent and for no other purpose (see People v Hughes, 93 AD3d at 890-891; compare People v Edmunds, 21 AD3d 578, 580 [2005], lv denied 5 NY3d 828 [2005] ). Notably, defendant himself testified that he was aware of the passenger’s reputation and that he hoped to elicit sexual favors by providing her with drugs.
Nor did County Court err in permitting a police detective to give expert testimony regarding drug use and trafficking in the City of Albany. The detective testified as to circumstances of drug possession that tend to indicate an intent to sell, such as the weight and number of pieces of crack cocaine typically found in a seller’s possession and the manner in which the drug is packaged for sale. He further opined, based on photographs, that the drugs recovered from defendant’s person appeared similar to “20-dollar bags of crack cocaine or tie-offs” often found in the possession of sellers. The court did not abuse its discretion in permitting this testimony (see People v Thomas, 93 AD3d *1040 1019, 1030-1031 [2012]), as such matters are “not within the knowledge and experience of the average juror” (People v Sudler, 75 AD3d 901, 905 [2010], lv denied 15 NY3d 956 [2010]; see People v Hicks, 2 NY3d 750, 751 [2004]).
Defendant’s claim that the jury should have been given a corroboration charge was unpreserved, as he neither requested such an instruction nor objected to the charge as given (see CPL 470.05 [2]; People v Shutter, 72 AD3d 1211, 1213 n [2010], lv denied 14 NY3d 892 [2010]). Modification is not required in the interest of justice, as defendant’s admissions to police and in a subsequent letter to County Court were adequately corroborated by the expert testimony and other evidence (see People v Daniels, 37 NY2d 624, 629 [1975]; People v Thompson, 75 AD3d 760, 764 [2010], lv denied 15 NY3d 896 [2010]).
We reject defendant’s contention that his conviction for criminal possession of a controlled substance in the third degree was unsupported by legally sufficient evidence of his intent to sell. In this context, “ ‘[s]ell’ means to sell, exchange, give or dispose of to another” (Penal Law § 220.00 [1]; see § 220.16 [1]), and “include [s] any form of transfer of a controlled substance from one person to another” (People v Starling, 85 NY2d 509, 514 [1995] [internal quotation marks and citation omitted]; see People v Lam Lek Chong, 45 NY2d 64, 72 [1978], cert denied 439 US 935 [1978]). In addition to the evidence regarding the “tie-off” packaging of the crack cocaine found in defendant’s possession, defendant acknowledged on several occasions, including his trial testimony, that he intended to exchange the cocaine for the passenger’s sexual favors. This evidence was legally sufficient to establish the requisite intent (see People v Patchen, 46 AD3d 1112, 1113 [2007], lv denied 10 NY3d 814 [2008]). Upon our independent review, we further find that the verdict was not against the weight of the evidence (see People v James, 90 AD3d 1249, 1250 [2011], lv denied 18 NY3d 958 [2012]; People v Patchen, 46 AD3d at 1113-1114).
Defendant was not deprived of a fair trial by prosecutorial misconduct. Even if he had preserved the claim that the People improperly failed to turn over a police videotape, no resulting prejudice was established (see People v Haupt, 71 NY2d 929, 930-931 [1988]; People v Munroe, 307 AD2d 588, 590-591 [2003], lv denied 100 NY2d 644 [2003]). He preserved only one of the challenges he now raises to the People’s summation, but even taking all of his claims into account, we find no “flagrant and pervasive pattern of misconduct” requiring reversal (People v Hunt, 39 AD3d 961, 964 [2007], lv denied 9 NY3d 845 [2007] [internal quotation marks and citation omitted]; accord People v *1041 Perry, 95 AD3d 1444, 1446 [2012], lv denied 19 NY3d 1000 [2012]).
As to the claim of ineffective assistance, “[c]ounsel cannot be deemed ineffective for failing to make meritless motions, objections or arguments” (People v Wimberly, 86 AD3d 806, 808 [2011] , lv denied 18 NY3d 863 [2011]), and most of the criticisms that defendant now raises have been addressed herein and found unavailing. The failure to request a missing witness charge with regard to the passenger did not constitute ineffective assistance, as defendant has not shown that the passenger was in the People’s control or that she would have provided material, noncumulative testimony (see People v McCottery, 90 AD3d 1323, 1326 [2011], lv denied 19 NY3d 975 [2012]; People v Guthrie, 57 AD3d 1168, 1170 [2008], lv denied 12 NY3d 816 [2009]). Viewed as a whole, the record reveals that defense counsel made appropriate pretrial and posttrial motions, carried out vigorous cross-examinations, made cogent opening and closing statements, and otherwise diligently provided defendant with meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Phillips, 96 AD3d 1154, 1156 [2012] , lv denied 19 NY3d 1000 [2012]).
Finally, County Court properly denied defendant’s pro se motion pursuant to CPL 440.10 to vacate the judgment of conviction, as he presented no “[n]ew evidence . . . discovered since the entry of a judgment” (CPL 440.10 [1] [g]), his direct appeal was pending at the time of the motion, and the record was sufficiently complete to permit appellate review of all the claims he raised (see CPL 440.10 [2] [b]; People v Trombley, 91 AD3d 1197, 1203 [2012]; People v Griffin, 115 AD2d 902, 904 [1985], lv denied 67 NY2d 884 [1986]). Defendant’s remaining claims, including those raised in his pro se supplemental brief, have been considered and found to be without merit.
Peters, RJ., Lahtinen, Stein and Egan Jr., JJ, concur. Ordered that the judgment and order are affirmed.