■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK F. CARNEY, Appellant. [973 NYS2d 440]—

Peters, P.J. Appeal from a judgment of the County Court of Ulster County (Tailleur, J.), rendered July 22, 2011, upon a verdict convicting defendant of the crimes of criminal contempt in the second degree, menacing in the second degree, criminal

possession of a weapon in the fourth degree and driving while ability impaired.

Following a jury trial, defendant was convicted of criminal contempt in the second degree, menacing in the second degree, criminal possession of a weapon in the fourth degree and driving while ability impaired. The charges stemmed from an incident wherein defendant, among other things, pointed a rifle at the vehicle stopped next to him at a traffic light. Defendant was sentenced to 180 days in jail on his conviction of driving while ability impaired, to run consecutively with concurrent one year jail terms on the remaining misdemeanor charges. He appeals, and we affirm.

At trial, the deputy sheriff who arrested defendant testified as to the description and license plate of defendant's vehicle provided to him by the victims. Defendant's contention that this testimony constituted hearsay and should not have been admitted is without merit. Such testimony was not being offered for the truth of its content but, rather, to explain the basis of the subsequent actions taken by the officer (*see People v Abare*, 86 AD3d 803, 805 [2011], *lv denied* 19 NY3d 861 [2012]; *People v Barnett*, 278 AD2d 660, 661 [2000], *lv denied* 96 NY2d 825 [2001]; *People v Roraback*, 242 AD2d 400, 403 [1997], *lv denied* 91 NY2d 879 [1997]).

Defendant's assertion that the prosecutor improperly vouched for the People's witnesses and asserted her own personal beliefs during summation, and that the prejudicial effect of these remarks requires reversal, is similarly unavailing. The majority of the alleged inappropriate statements were not objected to and, thus, are unpreserved for our review (*see People v Perry*, 95 AD3d 1444, 1446 [2012], *lv denied* 19 NY3d 1000 [2012]; *People v Terry*, 85 AD3d 1485, 1487 [2011], *lv denied* 17 NY3d 862 [2011]). The remaining two challenged remarks, while improper, were met with sustained objections, thereby limiting any resulting prejudice, and no curative instructions were requested (*see People v Guay*, 18 NY3d 16, 24 [2011]; *People v Hughes*, 93 AD3d 889, 891 [2012], *lv denied* 19 NY3d 961 [2012]; *People v Joseph*, 68 AD3d 1534, 1536 [2009], *lv denied* 14 NY3d 889 [2010], *cert denied* 562 US —, 131 S Ct 797 [2010]; *People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]). Further, the jury was subsequently directed to disregard any comment made during summation to which an objection was sustained and was twice instructed that counsel's remarks during summation did not constitute evidence (*see People v Rowe*, 105 AD3d 1088, 1091 [2013], *lv denied* 21 NY3d 1019 [2013]; *People v Hughes*, 93 AD3d at 891; *People v Newkirk*,

75 AD3d 853, 857 [2010], *lv denied* 16 NY3d 834 [2011]). In light of these circumstances and considering the overwhelming evidence of guilt, defendant's right to a fair trial was not compromised.

Stein, McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.