*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 17, 2014                    105620
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

THOMAS R. ORMSBY,
                    Appellant.
_____

Calendar Date:   June 6, 2014

Before:  Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

_____

        Mark Diamond, Albany, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Timothy
Blatchley of counsel), for respondent.

_____

Stein, J.

        Appeal from a judgment of the County Court of Clinton
County (Ryan, J.), rendered August 2, 2012, upon a verdict
convicting defendant of the crime of driving while intoxicated
and the traffic infraction of failing to display lighted head
lamps.

        On July 25, 2011 at approximately 10:15 p.m., defendant was
driving without illuminated headlights in the Town of
Plattsburgh, Clinton County.  State Trooper Matthew White pulled
him over and observed that defendant had "glossy bloodshot eyes,"
impaired motor function and slurred speech, and that he smelled
of alcohol.  White inquired whether defendant had been drinking,
and defendant admitted that he had been.  Defendant proceeded to
fail three field sobriety tests administered by White, and he

submitted to a preliminary breath screening that tested positive for alcohol. Defendant was then taken into custody and, at 11:01 p.m., a breathalyzer revealed that he had a blood alcohol content (hereinafter BAC) of .08%.

Defendant was thereafter charged with driving while intoxicated per se, common-law driving while intoxicated and failing to display lighted head lamps. Following a jury trial, defendant was convicted of driving while intoxicated per se and the head lamp violation. County Court sentenced defendant to, among other things, a prison term of 2⅓ to 7 years, with the imposition of various fines and other surcharges. Defendant now appeals, and we affirm.

We are unpersuaded by defendant's assertion that his conviction for driving while intoxicated per se (see Vehicle and Traffic Law § 1192 [2]) is not supported by legally sufficient evidence. The breathalyzer result — taken within two hours of defendant's arrest — coupled with the failed field sobriety tests and defendant's admission that he had been drinking alcohol, provide legally sufficient evidence to support the jury's determination that defendant violated Vehicle and Traffic Law § 1192 (2) (see People v Mertz, 68 NY2d 136, 146 [1986]; People v Menegan, 107 AD3d 1166, 1170 [2013]).

Defendant also claims that the verdict was against the weight of the evidence, both because alcohol soaked up by the denture adhesive that he used would lead to an inaccurately high BAC test result and because variation in the testing process could cause a lower BAC being reported as .08%. With regard to the first contention, the record reflects that the alcohol absorbed in denture adhesive would only persist for about an hour after its consumption, and defendant had not consumed alcohol for at least that long prior to undergoing the breath test. Moreover, the breathalyzer device employed a "slope detector" that even defendant's expert admitted would have discounted the presence of any mouth alcohol. With regard to the test result variation, although defendant submitted proof that the device had

a .01% margin of error,[1] the jury was entitled to consider defendant's admissions, his failure of three field sobriety tests, slurred speech, blood shot eyes and odor of alcohol, together with the test result itself, in reaching its determination that defendant operated a motor vehicle with a BAC of .08% or greater (see People v Menegan, 107 AD3d at 1170; People v Arnold, 2 AD3d 975, 976 [2003], lv denied 1 NY3d 594 [2004]; People v Knapp, 272 AD2d 637, 639 [2000]).  Thus, while a different verdict would not have been unreasonable, when "we view the evidence in a neutral light, accord deference to the jury's assessment of credibility and weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Murphy, 101 AD3d 1177, 1178 [2012] [internal quotation marks and citations omitted]; see generally People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was in accord with the weight of the evidence.

Defendant also argues that a sufficient foundation was not laid for the admission of the breathalyzer result.  However, inasmuch as defendant stipulated at trial to the admission into evidence of various documents regarding the breathalyzer device and the test itself, his contention is unpreserved for our review, and we perceive no reason to take corrective action in the interest of justice (see CPL 470.05 [2]; 470.15 [6] [a]; People v Westcott, 84 AD3d 1510, 1513 [2011]; see also People v Kenny, 283 AD2d 950, 951 [2001], lv denied 96 NY2d 903 [2001]).  Contrary to defendant's further argument, his counsel's strategic decision to forgo a challenge to the admissibility of the test result and instead attack its reliability did not render counsel's assistance ineffective (see People v Gross, 21 AD3d 1224, 1225 [2005]; People v Sowizdral, 275 AD2d 473, 476 [2000], lv denied 95 NY2d 969 [2000]; see also People v McRobbie, 97 AD3d 970, 972 [2012], lv denied 20 NY3d 934 [2012]).

Defendant's remaining argument — that the prosecutor engaged in misconduct during his summation — is unavailing.

---

[1]  In rebuttal, the People elicited testimony that the margin of error for an actual sample was only .008%.

Defendant failed to object to at least one of the challenged comments, rendering issues with regard thereto unpreserved (see People v Simmons, 111 AD3d 975, 980 [2013], lv denied 22 NY3d 1203 [2014]; People v Carney, 110 AD3d 1244, 1245 [2013]). Moreover, defendant inaccurately characterizes a majority of the challenged comments, and all but one of those comments constituted "fair comment on the evidence and [were] not outside the bounds of fair advocacy" (People v Simmons, 111 AD3d at 980). County Court sustained defendant's objection to the sole improper remark and promptly instructed the jury to disregard it. Under these circumstances, "defendant's right to a fair trial was not compromised" (People v Carney, 110 AD3d at 1246; see People v Mitchell, 112 AD3d 1071, 1074 [2013], lv denied 22 NY3d 1140 [2014]; People v Hughes, 111 AD3d 1170, 1173 [2013]; People v Bravo, 69 AD3d 870, 871 [2010], lv denied 14 NY3d 798 [2010]). To the extent not specifically addressed, defendant's remaining contentions have been considered and are without merit.

Lahtinen, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court