## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 10, 2015                    106101
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                     Respondent,
         v                                      MEMORANDUM AND ORDER

CORNELLIUS Q. SPEED,
                     Appellant.
_____


Calendar Date:  October 20, 2015

Before:  Peters, P.J., Lahtinen, Garry and Clark, JJ.

                    _____


        Randolph V. Kruman, Cortland, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (John R.
Thweatt of counsel), for respondent.

                    _____


Lahtinen, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered April 19, 2013, upon a verdict
convicting defendant of the crimes of attempted murder in the
second degree, attempted assault in the first degree and criminal
use of a firearm in the first degree.

        Defendant and another individual had a verbal confrontation
with the victim on a side street in the City of Elmira, Chemung
County.  The victim started running away when he observed
defendant apparently reach for a weapon.  Defendant allegedly
fired several shots at the fleeing victim, hitting him three
times causing injury but not death.  He was indicted for the
crimes of attempted murder in the second degree, attempted
assault in the first degree and criminal use of a firearm in the

first degree.  A jury found him guilty of all three charges and he was sentenced, as a second felony offender, to concurrent prison terms of 20 years on each of the attempted murder and attempted assault convictions and 15 years on the criminal use of a firearm conviction, as well as five years of postrelease supervision.  Defendant appeals.

Initially, to the extent that defendant asserts that the evidence was legally insufficient, his general motion for a trial order of dismissal failed to preserve this issue (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Parker, 127 AD3d 1425, 1426 [2015]).  "However, since defendant also argues that the verdict was against the weight of the evidence, which does not require preservation, we will consider the evidence adduced as to each of the elements of the challenged crimes in the context of that review" (People v Race, 78 AD3d 1217, 1219 [2010], lv denied 16 NY3d 835 [2011] [internal quotation marks and citations omitted]; see People v Loomis, 56 AD3d 1046, 1046-1047 [2008]).  In considering defendant's weight of the evidence argument, "we view the evidence in a neutral light, accord deference to the jury's assessment of credibility and weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Ormsby, 119 AD3d 1159, 1160 [2014], lv denied 24 NY3d 963 [2014] [internal quotation marks and citations omitted]; see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Green, 121 AD3d 1294, 1294-1295 [2014], lv denied 25 NY3d 1164 [2015]).

Here, the victim testified about the disagreement that resulted in defendant and another individual meeting the victim on a street corner, where defendant suggested that they move to a side street.  A conversation ensued in which defendant eventually made statements threatening the victim.  The victim started to run when he observed defendant reach into a pocket for what he believed could be a weapon.  As he ran, he heard numerous shots and was struck several times, including in the back.  Despite being shot, the victim was able to continue running until he reached his nearby residence, where an individual at the residence summoned an ambulance.  The confrontation had occurred in front of a home with a security surveillance system, and a video of the incident, although of poor quality, was received;

gunshot flashes can be seen coming from the figure identified as defendant by the victim.  The doctor who treated the victim in the emergency room described the three gunshot wounds that the victim sustained.  There was also testimony from an informant who was in jail with defendant as he awaited trial and who claimed that defendant indicated to him that he had shot someone in the back.  After weighing the evidence in the record, while deferring to the jury's credibility determinations, we find that the verdict was not against the weight of the evidence.

The remaining arguments do not require extended discussion. Defendant's contention that the surveillance video was improperly admitted into evidence was not preserved for our review (see CPL 470.05 [2]; People v Brown, 23 AD3d 703, 705 [2005], lv denied 6 NY3d 810 [2006]) and, in any event, did not constitute reversible error under the circumstances of this case (see e.g. People v Carter, 131 AD3d 717, 721-722 [2015], lv denied 26 NY3d 1007 [2015]; People v Boyd, 97 AD3d 898, 899 [2012], lv denied 20 NY3d 1009 [2013]).  Although defendant was offered a plea deal of eight years in prison, there is no evidence indicating that the 20-year sentence he received was "retaliatory or vindictively imposed as a penalty for [his] exercise of his right to a jury trial" (People v Blond, 96 AD3d 1149, 1154 [2012], lv denied 19 NY3d 1101 [2012]) and, in light of the nature of the crime and defendant's criminal history, we find neither an abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence (see People v Dale, 115 AD3d 1002, 1007 [2014]; People v Daniels, 97 AD3d 845, 849 [2012], lv denied 20 NY3d 931 [2012]; People v Kindred, 60 AD3d 1240, 1242 [2009], lv denied 12 NY3d 926 [2009]).

Peters, P.J., Garry and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court