*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 16, 2015                    106042
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                              MEMORANDUM AND ORDER

TROY PARKER,
                    Appellant.
_____

Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Catherine A. Barber, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered November 1, 2012, upon a verdict
convicting defendant of the crimes of sexual abuse in the first
degree, strangulation in the second degree and robbery in the
second degree.

        During the early morning hours of March 6, 2011, the victim
was returning home to her apartment in the City of Albany.  As
she was entering her building, she saw defendant running toward
her from across the street; however, before she could get inside,
defendant shoved her into the vestibule, began choking her,
sexually assaulted her and demanded money and oral sex.  During
the struggle with defendant, the victim dropped all of her
belongings, including her wallet.  In an effort to show defendant

that she had no money, the victim bent down to retrieve the wallet, at which time she noticed that the front door to her building had been left slightly ajar.  As defendant reached for her, the victim quickly grabbed what items she could and escaped to the street to scream for help.  Upon seeing the distraught victim running toward them and a man running in the opposite direction, two men came to the victim's aid and called 911.

When the police arrived, the victim told them that she had lost her mobile phone during the assault and gave the officers a set of keys she had picked up during the struggle that did not belong to her.  In addition to keys, the key ring contained a Kmart key-tag membership card that police later found to be jointly registered to defendant and his long-time girlfriend, listing an address in the City of Schenectady, Schenectady County.  Contemporaneous with the attack, police separately investigating a report of a parked car blocking a driveway across the street from the victim's apartment came upon a vehicle that was found to be registered to the girlfriend at the same address. Later, upon arriving at the Schenectady address to execute a search warrant, the police were invited inside by defendant's girlfriend, who had answered the door and introduced herself. Defendant then attempted to flee the residence through a back door, only to reenter and be arrested.

Following a jury trial, defendant was convicted of sexual abuse in the first degree, strangulation in the second degree and robbery in the second degree and sentenced as a persistent violent felony offender to concurrent prison terms of 22 years to life on his sexual abuse and strangulation convictions, to run consecutively with a prison term of 18 years to life on his robbery conviction.  Defendant now appeals.

Initially, defendant's general motion to dismiss the charges against him at the conclusion of the People's case is insufficient to preserve for appellate review his legal sufficiency of the evidence claim (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Finger, 95 NY2d 894, 895 [2000]). However, to the extent that defendant also contends that his convictions are against the weight of the evidence – a challenge which bears no preservation requirement – we nonetheless

undertake "an evaluation of whether all elements of the charged crime[s] were proven beyond a reasonable doubt at trial" (People v Menegan, 107 AD3d 1166, 1169 [2013] [internal quotation marks and citations omitted]; see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Romero, 7 NY3d 633, 643-644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]).  In this regard, we are not persuaded by defendant's contention and determine that the verdict is not against the weight of the evidence.

As pertinent here, a person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact "[b]y forcible compulsion" (Penal Law § 130.65; see Penal Law § 130.00 [3], [8]).  The victim here testified that defendant pushed his way into her apartment building, began choking her, lifted her off the ground, slid his hand up her leg under her dress and touched her on the outside of her underwear.  Throughout the attack she was kicking defendant, screaming and trying to get away.  Defendant contends that the victim's testimony is insufficient to demonstrate that he was the perpetrator of the acts described inasmuch as she failed to identify him as her assailant when showed a photo array.  In this regard, the victim explained that she was unable to get a good view of her assailant's face in light of their size differential.  However, the victim and the two eyewitnesses all consistently described the attacker as a black man with distinctive dreadlocks; a description that accurately fit defendant.  Further evidence demonstrated that defendant's keys and his girlfriend's vehicle were found at the scene of the crime and, in an oral statement to police, defendant himself admitted to being present in the area and "flirting" with a woman fitting the victim's description on the night in question.  Thus, while a different result would not have been unreasonable, viewing the evidence in a neutral light and deferring to the jury's credibility determinations (see People v Robinson, 123 AD3d 1224, 1226-1227 [2014]; People v Mercado, 113 AD3d 930, 932 [2014], lv denied 23 NY3d 1040 [2014]), we find that defendant's conviction for sexual abuse in the first degree is not against the weight of the evidence.

Turning next to the strangulation conviction, a person is guilty of strangulation in the second degree "when he or she

commits the crime of criminal obstruction of breathing or blood circulation . . . and thereby causes stupor, loss of consciousness for any period of time, or any other physical injury or impairment" (Penal Law § 121.12; see Penal Law § 10.00 [9]). "To be substantial, pain must be 'more than slight or trivial' but 'need not . . . be severe or intense'" (People v Carte, 113 AD3d 191, 193 [2013], lv denied 23 NY3d 1035 [2014], quoting People v Chiddick, 8 NY3d 445, 447 [2007]). "Significant factors in determining whether pain is 'substantial' include the objective nature of the injury, the victim's subjective experience and whether the victim sought medical treatment" (People v Carte, 113 AD3d at 193-194 [citations omitted]). Here, as noted above, the victim testified that defendant forced his way into her apartment building, began choking her and lifted her off the ground. She further testified that, after the attack, she felt severe pain throughout her entire neck and back and could not speak. The medical testimony presented by the People indicates that the victim was diagnosed with a tracheal contusion and multiple scratches and abrasions and that the area around her throat was very painful to the touch. Thus, we also find that defendant's conviction of this crime is not against the weight of the evidence.

Finally, with respect to the robbery conviction, as relevant here, a defendant is guilty of robbery in the second degree "when he [or she] forcibly steals property and when [i]n the course of the commission of the crime . . ., he or [she] [c]auses physical injury to any person who is not a participant in the crime" (Penal Law § 160.10 [2] [a]). "A person commits 'forcible stealing' when, during the commission of a larceny, such individual 'uses or threatens the immediate use of physical force upon another person for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking'" (People v Gordon, 23 NY3d 643, 649-650 [2014], quoting Penal Law § 160.00 [1]). Here, the victim testified that defendant demanded money from her and that, after fleeing from defendant, she no longer had her mobile phone despite having heard it ring during the assault. Because the phone in question was not recovered and there was no evidence of its use following the alleged assault, defendant contends that reversal of his conviction for robbery is

warranted. However, "[a]s the Court of Appeals has recently instructed, recovery of the property is not necessarily required to support a conviction, and whether a defendant's intent in using force was to retain possession of stolen property is a question of fact that may be answered based upon reasonable inferences drawn from his or her conduct and the surrounding circumstances" (People v Gordon, 119 AD3d 1284, 1286 [2014], lv denied 24 NY3d 1002 [2014]; see People v Gordon, 23 NY3d at 643, 650-651). Thus, after drawing reasonable inferences from the record before us and according appropriate deference to the jury's factual assessments and credibility determinations, we are unpersuaded by defendant's argument and find this conviction to be supported by the weight of the evidence.

Next, County Court properly found that probable cause existed for defendant's arrest. "Probable cause 'does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been . . . committed' by the person arrested" (People v Shulman, 6 NY3d 1, 25 [2005], cert denied 547 US 1043 [2006], quoting People v Bigelow, 66 NY2d 417, 423 [1985]; accord People v August, 33 AD3d 1046, 1048 [2006], lv denied 8 NY3d 878 [2007]). "When determining whether the police had probable cause to arrest, the 'inquiry is not as to defendant's guilt but as to the sufficiency for arrest purposes of the grounds for the arresting officer's belief that [the defendant] was guilty'" (People v Shulman, 6 NY3d at 25-26, quoting People v Coffey, 12 NY2d 443, 452 [1963]; see CPL 140.10 [1] [b]). Here, at the time of defendant's arrest, the police were aware that a set of keys and a vehicle found at the scene of the attack were associated with defendant and that his physical description matched that given by the victim and two other witnesses. Additionally, the arresting officers testified that, when they arrived at the address in Schenectady to execute the search warrant, they observed a man fitting the attacker's description attempting to leave the residence out of the back door and, thus, moved quickly to secure his arrest. Accordingly, we are satisfied that defendant's warrantless arrest was supported by probable cause.

Finally, defendant contends that the sentence was overly harsh and excessive specifically arguing that, because the jury acquitted him of certain charges, County Court erred when it sentenced him to "near the maximum allowable."  We disagree.  At the time of his arrest, defendant was on parole and had an extensive criminal history, including, but not limited to, three prior violent felony convictions.  Therefore, given the absence of extraordinary circumstances or an abuse of discretion, we find no reason warranting a reduction in the interest of justice (see People v Bjork, 105 AD3d 1258, 1264 [2013], lv denied 21 NY3d 1040 [2013]).

Defendant's remaining argument has not been preserved for our review.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court