People v Mooney (2019 NY Slip Op 06000)





People v Mooney


2019 NY Slip Op 06000


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-09115
 (Ind. No. 2057/15)

[*1]The People of the State of New York, respondent,
v
Ryan Mooney, appellant.


Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered August 11, 2017, convicting him of strangulation in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by indictment with attempted murder in the second degree, two counts of assault in the first degree, strangulation in the second degree, and criminal possession of a weapon in the fourth degree arising from an altercation that occurred on July 10, 2015, between the defendant and the complainant. The prosecution presented evidence at a nonjury trial that during the altercation, the defendant put his hands around the complainant's neck and applied pressure, leaving red marks on her neck. The defendant was convicted of strangulation in the second degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Penal Law § 121.12; Matter of Deandre A., 158 AD3d 622, 622-623; People v Leach, 137 AD3d 1300, 1302; People v Parker, 127 AD3d 1425, 1427). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court