People v Noel (2022 NY Slip Op 04671)

People v Noel

2022 NY Slip Op 04671

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112182
[*1]The People of the State of New York, Respondent,
v
Ramel S. Noel, Appellant.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

John R. Trice, Elmira, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 17, 2019, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts) and attempted robbery in the third degree.
In 2017, defendant threatened a victim with a gun and demanded money from him. Defendant was unsuccessful in obtaining money from the victim but still struck the victim with a mallet. Shortly thereafter, defendant attempted to enter a cab driven by a second victim and also demanded money while threatening him with a gun. Defendant struck the second victim and took money and his cell phone from him. In connection with these incidents, defendant was charged by indictment with various crimes. Following a jury trial, defendant was convicted of two counts of robbery in the second degree and attempted robbery in the second degree. Defendant moved to set aside the verdict, and County Court granted it to the extent of reducing the conviction of attempted robbery in the second degree to attempted robbery in the third degree. The court thereafter sentenced defendant to concurrent prison terms of seven years, to be followed by five years of postrelease supervision, for each conviction of robbery in the second degree and a prison term of 1 to 3 years for the conviction of attempted robbery in the third degree, which was ordered to run consecutively to the other concurrent prison terms. Defendant appeals.
In challenging the verdict as being against the weight of the evidence, defendant argues that the trial evidence did not establish his identification as the perpetrator. At trial, the first victim described the clothes defendant was wearing, defendant's height, skin color, body build and lack of facial hair and the color of the gun held by defendant. The jury was also shown a surveillance video of the attack on the first victim. One of the People's witnesses who was familiar with defendant testified that defendant was the attacker shown on the video. As to the other incident, the second victim testified that an individual opened his cab door and demanded money from him while brandishing a gun. The second victim testified as to this individual's height, lack of facial hair and the clothes that he was wearing. When asked if he got a good look at the individual, the second victim responded in the affirmative and identified defendant at trial as that individual.
The People's witnesses did give varying testimony concerning the identification of defendant and, therefore, a contrary result would not have been unreasonable (see People v Walker, 191 AD3d 1154, 1158 [2021], lv denied 37 NY3d 961 [2021]; People v Mercado, 113 AD3d 930, 932 [2014], lv denied 23 NY3d 1040 [2014]). Nevertheless, one witness identified defendant as the assailant of the first victim after reviewing the surveillance video and the second victim identified defendant as the attacker. Furthermore, the minor discrepancies in the description [*2]of defendant, the clothes that he was wearing or the gun that he was holding during the crimes at issue created a credibility issue for resolution by the jury, which had the opportunity to view the surveillance video (see People v Mercado, 113 AD3d at 932; People v Hutcherson, 25 AD3d 912, 914 [2006], lv denied 6 NY3d 849 [2006]; People v Colon, 24 AD3d 1114, 1115 [2005], lv denied 6 NY3d 811 [2006]; People v Parker, 305 AD2d 858, 859 [2003], lv denied 2 NY3d 804 [2004]). In addition, nothing in the record discloses that the People's witnesses, who were thoroughly cross-examined, were incredible as a matter of law (see People v Henry, 169 AD3d 1273, 1274 [2019], lv denied 33 NY3d 1070 [2019]; People v Davis, 155 AD3d 1311, 1316-1317 [2017], lv denied 30 NY3d 1114 [2018]). Deferring to the jury's credibility determinations and viewing the evidence in a neutral light, the verdict is not against the weight of the evidence (see People v Parker, 127 AD3d 1425, 1427 [2015]; People v Higgins, 57 AD3d 1315, 1317 [2008], lv denied 12 NY3d 817 [2009]; People v Lozada, 41 AD3d 1042, 1043 [2007], lv denied 9 NY3d 924 [2007]).
Finally, the imposed sentence is not unduly harsh or severe. Notwithstanding defendant's expressed remorse and his lack of a criminal history, we decline defendant's request to modify the sentence in the interest of justice (see People v Cayea, 163 AD3d 1279, 1283 [2018], lv denied 32 NY3d 1109 [2018]; People v Reed, 46 AD3d 1221, 1222 [2007]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.