People v Williams (2024 NY Slip Op 05915)

People v Williams

2024 NY Slip Op 05915

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

113320
[*1]The People of the State of New York, Respondent,
v
Christopher I. Williams, Appellant.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Christopher Hammond, Cooperstown, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered September 27, 2021, upon a verdict convicting defendant of the crime of robbery in the second degree.
Defendant was charged by indictment with robbery in the second degree stemming from allegations that defendant, while meeting with the victim to purportedly purchase an Apple TV box from her, displayed what appeared to be a pistol and stole the box. Following a jury trial, defendant was convicted as charged and thereafter sentenced to a prison term of seven years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant's contention that he was deprived of a fair trial, because of prosecutorial misconduct based upon the People's improper statements made during summation, is not preserved as the record reflects that defendant did not object to said statements (see People v Casalino, 204 AD3d 1078, 1082 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]; People v Lombardo, 200 AD3d 1479, 1479 [3d Dept 2021], lv denied 38 NY3d 929 [2022]; People v Lyons, 200 AD3d 1222, 1226 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]).
Defendant next asserts that he received ineffective assistance of counsel due to multiple alleged failings, including counsel's failure to relay a plea offer to him, failure to object to the People's improper statements made during summation and asking confusing questions during voir dire of the jury. "To establish a claim of ineffective assistance of counsel, a defendant is required to come forward with proof that the attorney failed to provide meaningful representation and that there was no strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Sanchez, 196 AD3d 1010, 1013-1014 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1029 [2021]; accord People v Sims, 201 AD3d 1248, 1252 [3d Dept 2022], lv denied 38 NY3d 1035 [2022]). New York courts must examine counsel's performance and the circumstances of a particular case as a whole to determine whether the defendant was afforded meaningful representation (see People v Sevilla-Rosales, 206 AD3d 1247, 1248 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Stetin, 167 AD3d 1245, 1249 [3d Dept 2018], lv denied 32 NY3d 1178 [2019]). "In short, the Constitution guarantees a defendant a fair trial, not a perfect one" (People v Porter, 184 AD3d 1014, 1019 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1069 [2020]).
"Meaningful representation by counsel includes the conveyance of accurate information regarding plea negotiations, including relaying all plea offers made by the prosecution. Defendant had the burden to show that a plea offer was made, that defense counsel failed to inform him of that offer, and that he would have been willing to accept the offer" (People v Brunson, 68 AD3d 1551, 1555 [3d Dept 2009] [internal quotation marks and citations [*2]omitted], lv denied 15 NY3d 748 [2010]; see People v Rudolph, 170 AD3d 1258, 1263 [3d Dept 2019], lv denied 34 NY3d 937 [2019]). While it appears that defendant's counsel did not promptly inform him of the offer,[FN1] the record establishes that a court conference was held for the purpose of discussing acceptance or rejection of the plea offer. During this conference, the offer was adequately explained to defendant, he was given numerous opportunities to confer with counsel and defendant ultimately rejected the proposed plea offer. Accordingly, defendant failed to establish any of the necessary elements to prevail on this claim (see People v Rudolph, 170 AD3d at 1263; People v Chaney, 72 AD3d 1194, 1195 [3d Dept 2010]; People v Brunson, 68 AD3d at 1555).
As to defendant's argument that counsel asked confusing questions on voir dire, "[j]ury selection involves the quintessentially tactical decision of whether defendant's interests would be assisted or harmed by a particular juror" (People v Horton, 181 AD3d 986, 997 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1045 [2020]). Although defense counsel's questions may have been somewhat confusing to the jurors, he queried potential jurors about whether they could be fair and impartial and was able to appropriately exercise for-cause and peremptory challenges to prospective jurors on the panel (id. at 998). Regarding defendant's assertion that counsel failed to object to the People's improper remarks made during summation, we are unpersuaded that this single error was sufficiently "egregious and prejudicial as to deprive . . . defendant of his constitutional right to effective legal representation" (People v Keschner, 25 NY3d 704, 723 [2015] [internal quotation marks and citations omitted]; see People v Hayward, ___ NY3d ___, ___, 2024 NY Slip Op 05243, *1 [2024]).
Finally, we are unpersuaded that defendant's sentence is unduly harsh or severe, considering all of the factors including defendant's criminal history. We decline defendant's request to modify the sentence in the interest of justice (see People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]; People v Noel, 207 AD3d 956, 958 [3d Dept 2022], lv denied 39 NY3d 941 [2022]).
Clark, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: At a prior court conference, defendant advised County Court that he wished to retain private counsel. At the plea offer conference, defendant continued to insist that he was actively seeking private counsel. During the conference, after it was determined that defendant could not afford private counsel, he continued his assigned counsel representation.